# McGeary *versus* Mellor *et al.*

Under the provisions of the Act of May 13th 1876, exempting pianos, melodeons and organs, leased or hired, from levy or sale on execution or distress for rent the notice required by the act must be given to the landlord when the leased instrument is placed upon the premises, or, at latest, before the landlord's right to distrain has accrued.

October 9th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term, 1878, No. 36.

Replevin by Mellor & Hoene, for use of C. C. Mellor, against Henry McGeary, for an organ which the plaintiffs had leased to Mrs. Thompson, and which had been distrained upon and sold for rent, and purchased by the defendant McGeary, the landlord of Mrs. Thompson.

It was claimed by the plaintiffs that the piano was exempt from distress and sale by reason of the Act of May 13th 1876, Pamph. L. 171, which provides: sec. 1, " Be it enacted, &c., that hereafter all pianos, melodeons and organs, leased or hired by any person or persons residing in this Commonwealth, shall be exempt from levy

[McGeary *v.* Mellor.]

and sale on execution or distress for rent, due by such person or persons so leasing or hiring any such piano or pianos, melodeon or melodeons, organ or organs, in addition to any articles or money now exempt by law; provided, the owner or owners of any such piano, melodeon or organ, or his or their agent, or the person or persons so leasing or hiring the same, shall give notice to the landlord or his agent that the instrument is leased or hired."

The jury found " for the plaintiffs, subject to the opinion of the court as to whether the notice given by Mrs. Thompson, lessee of the organ, to the constable at the time of the levy, and afterwards by plaintiffs to defendant, as to the ownership of the organ in dispute after the levy, but before the sale of the same by the constable, is sufficient notice under the Act of Assembly approved the 13th day of May 1876, entitled, ' An act to exempt pianos, melodeons and organs, leased or hired, from levy and sale on execution or distress for rent,' to exempt the same from sale as the property of the defendant in the execution ; the lease of the house in which the organ was levied upon having been executed March 15th 1876, for one year from April 1st 1876, and the lease for the organ being dated Sept. 21st 1875, for the term of one year; the landlord's warrant issued August 22d 1876 ; levy made August 23d 1876 ; and notice of ownership by plaintiffs served August 28th 1876 ; and sale of organ by constable Sept. 6th 1876."

On this special verdict the court in banc afterwards entered judgment for the plaintiffs, Fetterman, J., in an opinion, inter alia, saying :

" We think the notice given in this case, as found by the jury, was sufficient, and in time to save the rights of the owners of the instrument in controversy. We do not think it necessary, nor does the act require the owner of the instrument to be constantly on the alert to notify the landlord of such persons as may contract for the hiring or leasing of pianos, melodeons or organs, that they own such property, and that the tenant has but a lease of it.   Prior to the passage of the act the title to property leased or hired would not pass on a sale on execution against the party having possession of the same under such contracts, or, if sold, the owner could recover it upon showing the nature of the contract, although it may have been purchased by one without notice of the secret title of the real owner.   But, ordinarily, such property would have been subject to a distress for rent while in possession of the lessee.   Hence, the passage of the Act of May 13th 1876, to protect the rights of a particular class.   The object of the act being to protect against a claim for rent, it is only when a party having a lease of property protected by the act falls in arrear with his rent, and the protected property on the leased premises is levied upon to satisfy the claim of the landlord, that it becomes necessary for the owner or lessor of the exempted property to give notice to the landlord of his claim

of property, and if such notice be given without unnecessary delay, after a knowledge of the fact of a levy has been received, and before a sale, it would be sufficient, and if the landlord, in disregard of such notice, should proceed and sell the property so claimed, he would do so at his peril. Our view of the law on the facts, as found by the jury, being with the plaintiffs, judgment is ordered to be entered for the plaintiffs in the special verdict upon payment of verdict fee."

This action was assigned for error by defendant.

*Samuel C. Schoyer* and *Marshall H. McGeary,* for plaintiffs in error.—The Act of May 13th 1876 is a special statute for the benefit of a particular class of persons, and in derogation of the common law, and should be strictly construed.

Every landlord looks upon his remedy by distress as the cheapest and most speedy method of collecting his rent. He looks upon the goods on the premises in the nature of a pledge, and their value measures the credit to be given the tenant. The legislature, in framing the act, had in view this state of facts, and in conferring the benefits of the act on certain persons, also intended to prevent injustice to the landlord. The benefits are upon condition that notice be given to him, and we contend that notice must be given to the landlord immediately when the tenant goes upon the demised premises, and that therefore the notice here given was not in time. The words of the act are " shall be exempt from levy and sale," thus showing that notice was to be given before distress.

*J. W. Kirker,* for defendants in error.—The act provides for no time for giving notice, but this Act of May 1876 is similar in its provisions to the Exemption Act of 1849, and in construing the latter act, it has been repeatedly held, that notice is good at any time before the sale: Neff's Appeal, 9 Harris 243 ; Diehl *v.* Holben, 3 Wright 213 ; Rogers *v.* Waterman, 1 Casey 182.

It is claimed on the part of the plaintiff in error, that as the language of the act is " levy and sale," the notice must be given before the levy or distress is made. The language of the Exemption Act of April 9th 1849, is precisely the same ; yet it has always been held, that the demand is in time, if made after the levy and before the sale.

The title of the act is, " An Act to exempt pianos, melodeons and organs leased or hired, from levy or sale on execution or distress for rent," and it is very evident, as has been held in reference to the Act of 1849, where the same language is made use of, that the intention of the legislature was to prevent the exempt property from being sold.

Under the Act of 1849, it requires a claim or demand to call the exempting power of the statute into operation ; but under the

Act of May 13th 1876, the property is already exempt, and a notice is only required to free it from the grasp of an execution or distress for rent.

Mr. Justice GORDON delivered the opinion of the court, October 21st 1878.

The Act of May 13th 1876 was passed in favor of a special class of dealers and was intended to exempt certain of their wares from the common-law right of distress. By this act, as to the articles therein described, the landlord is deprived of a right and power which, before the passage of said act, he possessed. It follows, that this act, being in derogation of the common law, must receive a strict construction. In other words, the dealer's right to have his property exempted ought not to be extended beyond the plain intent of the legislature, as indicated by the words of the act, and if these words are, as to their meaning, ambiguous or obscure, the rights of the landlord must be as fully considered, in the construction of the statute, as those of the dealer. Now the act prescribes that pianos, melodeons and organs "shall be exempt from levy and sale on execution or distress for rent," but, only, on condition that the owner of such instruments, or his agent, shall give notice to the landlord or his agent that the instrument is leased or hired. And why give notice to the landlord? If the object in view was only the exemption of this class of property, without regard to the rights of the landlord, why not leave it in the same condition which leased, or loaned property occupies with respect to an execution for an ordinary debt? We think this question can be fairly answered only upon the assumption that the legislature intended, as far as consistent with the privilege granted, to protect the landlord from injury, and not to create a case of exemption similar to that prescribed by the Act of 1849. If, then, the proviso originated in the legislative regard for the lessor's right, we must so construe it as fairly to carry out the idea thus made prominent, and this, *a fortiori*, if we do not thereby infringe the privileges granted to the dealer. The matter then stands thus: the dealer in the wares subject to exemption has it in his power, by notice, not only to relieve his own property from distress, but, also, by a judicious exercise of that power, to prevent injury to the owner of the demised premises. If notice be given when the leased instrument is put upon the demised property, or at a time when there is no rent due, the tenant is thereby prevented from acquiring a false credit and the landlord is informed that he must look to other goods for the rent of the current quarter, and, failing that, that he may proceed to regain possession of his tenement by the ordinary statutory methods. If, on the other hand, notice be given only after the rent is due, it may happen that the tenant may have received a credit to which he was not entitled, and the landlord may lose, by no default of his own, a

[McGeary *v.* Mellor.]

lien which lawfully attached upon the goods. Seeing, then, that the former proposition puts neither hardship nor inconvenience upon the dealer, and as it seems also consonant with the legislative intent, we think it should be adopted as the proper construction of the statute.

The attempt to assimilate the act, under consideration, to the General Exemption Act of 1849, has not been successful. The former only affects the wares of a special class of dealers, and the landlord cannot know, except upon notice, whether they are leased by his tenant or owned absolutely, whilst the latter is general, and every one knows, without notice, that the exemption right belongs to the debtor, and that he may claim that right at any time before his goods are sold on execution. Further, in the one case, notice is necessary as a condition precedent to the exemption; without such notice it cannot exist; but in the other it exists without notice, and that such notice is required at all is, only, that a presumption of waiver may be rebutted.

We conclude, then, finally, that the notice, in the case in hand, given as it was, after the levy, was too late; that it should have been given when the leased instrument was put upon the demised premises, or, at latest, before the landlord's right to distrain had accrued.

> The judgment of the court below is reversed, and judgment on the special verdict for the defendant, and that he have a return irreplevisable, and costs of suit.

MERCUR J., dissents.