## G. S. ROHRER v. A. CUNNINGHAM ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF ARMSTRONG COUNTY.

Argued October 15, 1890—Decided November 3, 1890.

(a) A tenant sold an organ, and thereupon the purchaser leased it to the tenant's daughter. The tenant informed the landlord of the sale and lease, and obtained a release from the latter of all claim to the organ :
1. The notice of the ownership, given by the tenant to the landlord, was sufficient under the act of May 13, 1876, P. L. 171, to exempt the organ from distraint and sale for rent subsequently accruing.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 88 October Term 1890, Sup. Ct.; court below, No. 188 September Term 1887, C. P.

On September 3, 1887, an appeal was entered by the defendants from the judgment of a justice of the peace in an action by George S. Rohrer against Alexander Cunningham and Josiah Klingensmith. Issue.

At the trial on December 18, 1888, upon evidence as to the facts sufficiently stated in the opinion of the Supreme Court, the plaintiff claimed to recover the value of an organ which had been distrained and sold by Alexander Cunningham, bailiff, for rent due from one William Vaughn, tenant, to Josiah Klingensmith, landlord, the organ at the time being under lease by the plaintiff to Clara Vaughn, a daughter of William Vaughn, the tenant, and living in his family.

At the close of the testimony, the court, NEALE, P. J., answering certain points presented, instructed the jury :

We have been requested to answer points presented by the plaintiff :

Statement of Facts.

1. That if the jury find that the defendant, J. Klingensmith, had notice of the sale to G. S. Rohrer on November 24, 1886, and that Wm. Vaughn, the father of Clara Vaughn, the lessee, who lived in and was a member of the family of the said Wm. Vaughn, gave notice to J. Klingensmith of the lease to Clara by G. S. Rohrer, then said notice is a sufficient compliance with the terms of the act of assembly, and the verdict of the jury ought to be for the plaintiff for the value of the organ, with interest thereon from April 16, 1887.

Answer: That point is affirmed; but we refer you to the provisions of the act of assembly, for your determination whether or not, even if such notice was given, it was given by the agent of Mr. Rohrer or the agent of Miss Clara Vaughn. It says, in these words: " Provided, that the owner or owners of any such piano, melodeon or organ, or his or their agent, or the person or persons, etc., shall give notice to the landlord or his agent that the instrument is leased or hired." You will ascertain whether or not Mr. Vaughn was such an agent.[3]

On the part of the defendant, we have been requested to charge you as follows:

1. The act of 1876, under which the plaintiff claims, is in derogation of the common-law right of the landlord to distrain for rent, and, therefore, must be construed strictly.

Answer: That point we affirm; we have explained that to you.

2. That, in order to exempt the organ in suit from levy and sale under the landlord's warrant, the plaintiff, or his agent, or the lessee, was in duty bound to give notice of the lease to the defendant; that this notice should have been clear and explicit, naming the make and style of the organ, so that the landlord would not be misled when he made his levy; and should have been in writing, and if not in writing, the burden is on the plaintiff to prove that the notice was heard and understood by the defendant.

Answer: That point is affirmed; but, as to a particular description of the organ, we do not say as fully as this point would require us to say. It must be such a notice that would describe the particular organ that is in suit.

3. That, under all the evidence in this case, the verdict must be for the defendant.

Opinion of the Court.

Answer: That point we refuse; this is a question that we submit to the jury under the law and the facts.[4]

—The jury returned a verdict in favor of the plaintiff for $55. A rule for a new trial having been discharged and judgment entered, the defendants took this appeal assigning for error:

3. The answer to plaintiff's point.[3]

4. The answer to defendants' point.[4]

*Mr. R. B. Ivory* (with him *Mr. J. M. Hunter* and *Mr. J. A. Beatty*), for the appellants.

Counsel cited: Wireman v. Ditson, 5 W. N. 428; McGeary v. Mellor, 87 Pa. 464; Lehigh Valley Ins. Co. v. Fuller, 81 Pa. 400; Haddock v. Commonwealth, 103 Pa. 249; East Union Tp. v. Ryan, 86 Pa. 465.

*Mr. M. F. Leason* (with him *Mr. J. H. McCain*), for the appellee.

PER CURIAM:

The first section of the act of May 13, 1876, P. L. 171, provides that "all pianos, melodeons and organs, leased or hired by any person or persons residing within this commonwealth, shall be exempt from levy and sale on execution or distress for rent due by such person or persons so leasing or hiring any such piano or pianos, melodeon or melodeons, organ or organs, in addition to any articles or money now exempt by law: Provided, that the owner or owners of any such piano, melodeon, or organ, or his or their agent, or the person or persons so leasing or hiring the same, shall give notice to the landlord or his agent that the instrument is leased or hired."

In McGeary v. Mellor, 87 Pa. 461, it was held that the notice referred to in the proviso of the act must be given to the landlord when the leased instrument is placed upon the premises, or at least before the landlord's right to distrain has accrued. The organ, which is the subject of this controversy, at one time belonged to William Vaughn, who was a tenant of the defendant Klingensmith. Vaughn, being in arrears for rent, sold the organ to the plaintiff for the sum of fifty dollars. Vaughn then called upon the defendant, and obtained from him in writing a release of all claim upon the organ. The sale

from Vaughn to the plaintiff, Rohrer, was also mentioned in the release. At the same time Vaughn paid the defendant forty dollars on account of the rent, and informed him that Rohrer had leased the organ to his (Vaughn's) daughter, Clara. Upon this state of facts, the defendant released the organ, but subsequently seized it upon a distress for rent, and it was sold by the constable. This action was brought before a justice of the peace by the plaintiff, to recover damages for an illegal seizure and sale of the organ. Upon an appeal to the Common Pleas, a verdict and judgment were rendered for the plaintiff.

The principal defence here and in the court below was that notice was not given to defendant as required by the proviso to the act of 1876. The learned judge below left the question of notice fairly to the jury, and they have found in favor of the plaintiff. It is difficult to see how they could have done otherwise. It could not have been successfully denied that the defendant had actual notice of the transfer of the organ to plaintiff and the lease to his daughter. It is the merest technicality to say that he was not Rohrer's agent, and had no authority to give the notice. The jury, looking at the entire transaction, would have little difficulty in finding an implied authority ; and, in view of the release, we are not prepared to say they committed any error. The learned court certainly did not.

Judgment affirmed.