# Mace *v.* Wilson, Appellant.

*Landlord and tenant—Lease—Oral agreement—Evidence—Removal of straw from premises.*

1. Where a lease for a year with a privilege of an additional year, contains a provision that no wheat straw should be sold off the premises, and the tenant holds over from year to year for several years, and finally in the last year of his tenancy attempts to remove the wheat straw, but is prevented by the lessor's successor in title to the leased premises, the lessee may show in an action for the price of the straw, that at the time the lease was executed a verbal agreement was entered into between him and the lessor to the effect that if he held over after the termination of the lease he should be required to leave at the end of his tenancy no more straw than was in the place at the beginning of his term, and that he in fact did leave a greater quantity of straw than was in the place at the beginning. The admission of such evidence does not violate the general rule prohibiting the proof of an oral agreement to vary the written instrument without proof of fraud, accident or mistake.

2. In such a case the successor in title of the lessor acquired no greater right than that of his grantor, and was put on inquiry as to the terms of the lessee's tenancy.

Argued Nov. 22, 1911. Appeal, No. 159, Oct. T., 1911, by defendant, from judgment of C. P. Chester Co., Jan. Term, 1910, No. 108, on verdict for plaintiff in case of Paul V. Mace v. C. C. Wilson. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for the value of certain wheat straw.

At the trial the court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $102.30. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*A. M. Holding*, for appellant.—The oral contract was wholly inconsistent with, and, in fact, annulled the written contract: First Nat. Bank v. Dick, 22 Pa. Superior Ct. 445; Union Storage Co. v. Speck, 194 Pa. 126; Ridgeway Dynamo Engine Co. v. Cement Co., 221 Pa. 160.

Even if admissible against the original lessors, evidence of the parol contract was not admissible against this appellant: Scott v. Burton, 2 Ashmead, 312; Heilner v. Imbrie, 6 S. & R. 401; Juvenal v. Patterson, 10 Pa. 282; Springer v. Gas Co., 145 Pa. 430.

*George B. Johnson*, for appellee.

OPINION BY HENDERSON, J., March 1, 1912:

The plaintiff leased a farm from the heirs of Nathan and Maria Griffith for one year from April 1, 1904, with the privilege of an additional year at the annual rental of $275. The lease contained the clause "No wheat straw to be sold off the premises." The tenant exercised the option for the additional year, the effect of which was to create a two years' term under the original lease. He subsequently held over from year to year until the first day of April, 1909, at which later date a crop of wheat sowed by him was growing on the farm. During the last year of his tenancy the defendant became the owner of the farm, and when the plaintiff at harvest time was about to remove the straw from the premises the defendant prevented him from so doing, claiming the straw under the provisions in the lease above quoted. The plaintiff offered evidence to show that at the time the lease was executed a verbal agreement was entered into between him and the lessors to the effect that if he held over on the

farm after the termination of the lease he should be required to leave on the place at the end of his tenancy no more straw than was thereon at the beginning of his term. This was followed by evidence that he left on the farm a greater quantity of straw than was there when he became a tenant. The action is for damages for the loss of the straw. The plaintiff's evidence as to the verbal agreement applicable to a tenancy beyond the term created by the written lease was not contradicted. He not only testified on the subject himself but the lessors gave evidence to the same effect. As there was an agreement with reference to the value of the property the court directed a verdict for the plaintiff. The appellant complains that the plaintiff was permitted to introduce evidence to vary the terms of a written instrument by parol evidence without proving fraud, accident or mistake in the execution of the lease, and numerous authorities are cited in support of the position taken by the learned counsel for the appellant. We think, however, they are not applicable to the facts presented at the trial. The term to which the written lease applied was terminated on April 1, 1906. When the tenant held over for another year with the consent of the landlord a new tenancy was created from year to year. Under such circumstances if no other agreement is made the law will presume that a new agreement is entered into and that the tenant holds the premises subject to all such covenants contained in the original lease as apply to his present situation: Phillips v. Monges, 4 Whart. 226; Hemphill v. Flynn, 2 Pa. 144. If there were nothing in the case, therefore, except the original lease and the fact of the holding over the tenant would be held to the terms of the original lease so far as applicable, but the uncontradicted evidence is that the parties anticipated such holding over and contracted with reference to the straw in the contingency that the tenant should remain longer than the term provided for in the lease. This they had an undoubted right to do. The presumption of law was dispensed with in

that particular and their verbal agreement became the law of the case. The defendant in taking title to the land and an assignment of the lease acquired no greater right than his grantors, and was put on inquiry as to the terms of the plaintiff's tenancy. He has no ground for complaint, therefore, that the contract was different from what he supposed it was.

The judgment is affirmed.