F. A. North Co., Appellant, v. Seigel et al.

Argued November 18, 1929.

Before Porter,
P. J., Trexler, Keller, Linn, Gawthrop, Cunning-
ham and Baldrige, JJ.

*Francis Chapman,* and with him *Truman D. Wade,*
for appellant.

*W. S. Harris,* for appellee.

Opinion by Baldrige, J., January 29, 1930:

F. A. North Company, the appellant, leased to Wil-
liam Spriggs, on May 6, 1926, a piano. Notice was
given under the Act of 1876 to Harry Spriggs, the
owner of the demised premises. On January 24, 1928,
Harry Spriggs sold the premises to Harry Siegel, one
of the appellees. On October 3, 1928, John Hawthorne,
a constable, levied upon the piano under a distress war-
rant issued by Harry Siegel for rent in arrears in
the sum of $80, and, as a result, this present action in
replevin was instituted by the plaintiff. The court be-
low directed a verdict for Siegel for the rent due as
the appellant had possession of the piano, and there-
upon the motion was made for judgment n. o. v., which
was refused by the lower court, and this appeal fol-
lowed.

The lower court's action was based upon the theory
that it was incumbent upon the lessor of the piano to
give notice, not only to the lessee's first landlord, but

that it was required also to give additional notice to the new landlord of the lessee of its ownership of the piano.

The Act of Assembly, approved the 13th of May, A. D. 1876, P. L. 171, reads as follows:

"Section 1. Be it enacted, etc., That hereafter all pianos, melodeons and organs leased or hired by any person or persons residing in this Commonwealth shall be exempt from levy and sale on execution or distress for rent due by such person or persons so leasing or hiring any such piano or pianos, melodeons (sic) or melodeons, organ or organs, in addition to any articles or money now exempt by law: Provided, That the owner or owners of any such piano, melodeon, or organ, or his or their agent, or the person or persons so leasing or hiring the same, shall give notice to the landlord or his agent that the instrument is leased or hired."

The lower court cited in support of its conclusions, McGeary v. Mellor, 87 Pa. 461. The question involved there was whether a notice given to the constable at the time of the levy and to the landlord before the sale was sufficient. The Supreme Court held that as the Act is in derogation of the common law, it must receive strict interpretation, and that the notice was too late as it should have been given when the piano was put upon the demised premises; that the legislature intended, as far as consistent, to protect the landlord and prevent the tenant from acquiring a false credit.

Notice was served, however, in compliance with the Act when the piano was placed upon the demised premises. The appellant discharged the duty that was imposed on him. When the premises were sold, the piano was not subject to distress for rent by Harry Spriggs. When Siegel purchased the premises, he stood in his grantor's shoes as to the lease (Mace v. Wilson, 49 Pa. Superior Ct. 378; Curry v. Bacharach Quality -

Shops, Inc., 271 Pa. 364) ; and it would seem he should have no higher rights as to the piano. Transfer of property is not accompanied with any publicity and if we accept the lower court's interpretation of the Act, real estate could be transferred without notice to the owner of a piano, or without his knowledge, as in this case, and the protection afforded under the Act would be lost without any fault upon the part of the owner of the piano. If the legislature had intended that additional notice should be served, in event of the sale of the real estate, it would have so provided. We cannot insert requirements that are not there.

The judgment of the lower court is reversed and judgment is hereby entered for the appellant. The costs to be paid by the appellee.