## ISIDOR BINSWANGER v. R. R. DEARDEN.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 4 OF PHILADELPHIA COUNTY.

Argued January 24, 1890—Decided February 3, 1890.

An affidavit of defence to an action for rent on a lease renewed from year
to year with a provision for three months' notice of an intention of the
lessee to quit, averring an unavailing effort to find and serve the lessor
with notice, at his place of business, on a day exactly three months
prior to the end of the year, the sending by mail and receipt of the no-
tice two days thereafter, a delivery and unconditional acceptance of the
keys of the premises at the house of lessor's authorized agent, a pay-
ment of all rent due and an abandonment of the premises before the
expiration of the then current year, was sufficient to prevent summary
judgment.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, Mc-
COLLUM and MITCHELL, JJ.

No. 56 January Term 1890, Sup. Ct.; court below, No. 331
March Term 1888, C. P. No. 4.

On May 4, 1889, Isidor Binswanger brought assumpsit
against Robert R. Dearden, to recover rent claimed.

The plaintiff filed a statement of claim, which, averring the
execution of a lease of certain premises to the defendant com-
mencing January 15, 1884, recited a covenant by the lessee
that should the latter hold over after the expiration of the
term created, with the consent of the lessor, it should be taken
to be a renewal from year to year, " until either party should
give three months'. previous notice to the other of an intention
to terminate the tenancy at the end of any year; " claiming
to recover, upon these and other facts set out, the rent for six
quarters ending May 15, 1888.

The defendant filed an affidavit of defence in which he
averred that on October 15, 1887, he had made two attempts
in business hours to serve upon the plaintiff at his place of
business, where he was accustomed to receive the rent, a no-
tice in writing of his intention to surrender the leasehold at
the end of that year, January 5, 1888; that the plaintiff's

Opinion of the Court.

office was locked and no one was there upon whom to serve the notice; that on October 17, 1887, he mailed said notice in a letter addressed to the plaintiff who in due course of mail received it on the same day; that afterward the defendant met the plaintiff upon the street, when the latter admitted having received the notice on the day it was mailed, and used language, which was stated, causing the defendant to believe that the plaintiff accepted the notice as binding; that in January, 1888, before the 15th day of the month, the defendant paid the rent in full due to that date, and left the keys of the premises at the house of the lessor's agent, S. T. Fox, with an adult member of said agent's family; that said keys were accepted unconditionally, and that prior to the end of the current year the defendant completely vacated the leased premises.

A rule for judgment for want of a sufficient affidavit of defence having been taken and argued before the court in banc, THAYER, P. J., the rule was discharged; exception. Thereupon the plaintiff took this appeal assigning the discharge of the rule and the refusal of the motion for judgment as error.

*Mr. George P. Rich* (with him *Mr. Mayer Sulzberger*), for the appellant.

As to notice by mail, counsel cited: Tanner v. Hughes, 53 Pa. 289; First N. Bank v. McManigle, 69 Pa. 156; Kenney v. Altvater, 77 Pa. 34; Susq. M. F. Ins. Co. v. Toy Co., 97 Pa. 424; Shoemaker v. Bank, 59 Pa. 79. As to the insufficiency of the defendant's averments: Allegh. S. Bank v. Meyer, 59 Pa. 361; Lord v. Ocean Bank, 20 Pa. 384; Peck v. Jones, 70 Pa. 84; Brown v. Finney, 53 Pa. 378; Lewis v. Carstairs, 5 W. & S. 205; Keating v. Orne, 77 Pa. 89; Breuckman v. Twibill, 89 Pa. 58; Erie City v. Butler, 120 Pa. 374; Auer v. Penn, 99 Pa. 370.

*Mr. Lincoln L. Eyre, Mr. B. F. Hughes* and *Mr. John G. Johnson,* for the appellee, were not heard.

The brief filed cited: Auer v. Penn, 92 Pa. 444; s. c. 99 Pa. 370; Milling v. Becker, 96 Pa. 182; Weightman v. Harley, 20 W. N. 470.

PER CURIAM:

We are of the opinion that the affidavit of defence was suf-

ficient to carry the case to a jury. The same reasons which render an opinion of doubtful propriety, in cases of appeals from preliminary injunctions, apply with equal force when we affirm an order of the court below refusing judgment for want of a sufficient affidavit of defence. The case must go to a jury, and may come up again after a verdict. The less we say about it now the better.

Affirmed.