## McAnniny *v.* Miller, Appellant.

*Landlord and tenant—Lease—Stipulation as to whole rent becoming due upon lessee's removal.*

A stipulation in a lease that the rent for the whole term shall become due and collectible by distress or otherwise at the option of the lessors upon the lessee's removal or attempt at removal from the premises, is a valid agreement.

Argued Jan. 13, 1902. Appeal, No. 3, Jan. T., 1902, by defendant, from order of C. P. Luzerne Co., Oct. T., 1897, No. 559, making absolute rule to set aside execution issued in the case of Margaret A. McAnniny et al., in case of Margaret Ann McAnniny and Catherine C. McAnniny, v. Simon Miller, Harry Coplin and Annie Coplin. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to set aside execution.

From the record it appeared that on March 22, 1897, defendants leased from plaintiffs a storeroom for the term of one year at the annual rental of $190 payable in monthly instalments of $16.00 in advance.

The lease contained the following provision:

· " That in case of removal or attempted removal of the parties of the second part, from these premises during the continuance of this lease, then the unpaid rent until the end of this term to become due and payable and collectible by distress or otherwise at the option of the said lessors."

The plaintiffs removed from the premises June 22, 1897. On July 3, 1897, the plaintiffs entered judgment in the court of common pleas of Luzerne county, for the full amount of rent unpaid in the lease, to wit: $144, by merely entering up the lease, and on the same day, issued an execution for $144, interest and costs, and made a levy on personal property.

On July 8, 1897, the appellants obtained a rule in the court of common pleas to open the judgment entered on the aforesaid lease and to stay the execution.

This rule was made absolute on April 8, 1898, and the judgment opened and an issue awarded.

· This issue was tried and judgment was entered in favor of the plaintiffs below for the sum of $172.50 by the direction of the court.

On the same day the court granted a rule to set aside the execution issued on July 3, 1897, and which had been stayed, but on December 15, 1900, the court discharged the rule on the ground that the motion came too late.

*Error assigned* was the order of the court, discharging rule to set aside execution.

*W. H. Hines,* for appellants.

*D. L. Creveling,* with him *D. L. Rhone,* for appellee.

PER CURIAM, February 14, 1902:

By the express terms of the lease the rent for the whole term became due and collectible by distress or otherwise at the option of the lessors, upon the lessee's removal or attempted

removal from the premises. It cannot be questioned that this was a valid agreement. See Owens v. Shovlin, 116 Pa. 371. As the defendants admit that they removed from the premises on June 22, 1897, there was no irregularity in issuing an execution on July 3, 1897, for the unpaid rent of the term. That amount was determined in the issue framed on the rule to open the judgment and is not in dispute.

The order is affirmed and the appeal dismissed at the costs of the appellants.