281, (1908).]    Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court.

*J. D. Hern,* for appellant.

*J. S. Christy,* for appellee.

PER CURIAM, May 14, 1908:

The principle established in Campbell v. Sloan, 62 Pa. 481, and recognized in many subsequent cases, is that "a security given in payment or discharge of an usurious contract is equally void with that. The original taint attaches to all consecutive obligations growing out of the original usurious transaction, and none of the descendant obligations can be free from it if descent can be traced." When the consideration of a confessed judgment is made up in part of usury, no matter in what form it may be disguised, the court will ordinarily open the judgment and afford relief. Notwithstanding the suggestion of appellant's counsel we find no clear evidence in this case as now presented which would estop the defendants from claiming such relief. The opinion filed by the learned judge below shows quite clearly that there was ample evidence to sustain the defendants' contention that the consideration of the judgment was made up, in part at least, of usury. Therefore no error was committed in opening it and permitting the defendants to defend before a jury to the extent that such usury and actual payments go in reducing the indebtedness.

The order is affirmed and appeal dismissed at the costs of the appellant.

---

## Bakewell, Appellant, *v.* Turner.

*Landlord and tenant—Notice—Termination of lease—Holding over.*

Where a tenant from year to year under a written lease gives notice within the proper time of his intention to terminate the lease, but does not actually remove from the premises until nearly a month after the date of the termination of the lease, the landlord may, in the absence

of a new agreement, treat the lessee as a tenant for another year under the terms of the written lease under which the lessee took possession of the premises.

Argued April 17, 1908.   Appeal, No. 163, April T., 1908, by plaintiffs, from order of C. P. No. 4, Allegheny Co., Third Term, 1907, No. 171, discharging rule for judgment for want of a sufficient affidavit of defense in case of Allan C. Bakewell and Thomas W. Bakewell, executors of the last will and testament of William Bakewell, deceased, v. G. E. Turner.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Assumpsit for rent.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court discharging rule for judgment for want of a sufficient affidavit of defense.

*Alter & Wright,* for appellant.

*E. J. Kent,* for appellee, cited: Williams v. Ladew, 171 Pa. 369; Effinger v. Lewis, 32 Pa. 367.

OPINION BY MORRISON, J., May 14, 1908:

In this suit in assumpsit the plaintiffs filed an affidavit of claim, with a copy of the lease upon which the suit was founded; the affidavit alleged that the lease had expired on April 1, 1907, and that the defendant had held over, after its expiration, with the plaintiffs' consent, and had failed to pay the rent due May 1, 1907.

The affidavit of defense admitted the execution and existence of the lease and the occupancy thereunder, but denied that under its terms the tenant, by holding over, became a tenant for another year.   By the terms of the lease the rent was payable monthly in sums of $150 per month.   The affidavit of defense further alleged that, "pursuant to notice duly given

to plaintiffs prior to the expiration of the term of said lease,"
defendant removed from the premises on April 26, 1907.

A rule was taken by plaintiffs for judgment for want of a
sufficient affidavit of defense and the court below, upon argu-
ment, discharged the rule, and sealed a bill of exceptions,
and from that order this appeal was taken.

The learned court seems to have attached importance to the
allegation in the affidavit of defense that notice of the defend-
ant's intention to remove from the premises was duly given
before the termination of the lease. But the fact remains that
he did not remove until twenty-six days after the date of the
termination of the lease, and under the decisions in this state,
this fact put it in the power of the plaintiffs to consider the
defendant a tenant for another year, in the absence of a new
agreement, under the terms of the written lease, under which
the tenant took possession of the premises.

In the present case there is no sufficient averment of a new
arrangement set out in the affidavit of defense. The affidavit
of defense contains some immaterial averments and some legal
conclusions, but, taken together and given their full force, they
signally fail to furnish facts giving power to the defendant to
hold over twenty-six days and then terminate the lease and
end the relation of landlord and tenant between himself and
the plaintiffs. "Defendant denies that under the provisions
of the lease he became a tenant of the said property and liable
to pay rent by the terms and conditions of the lease for the term
of one year from April 1, 1907, as alleged in plaintiffs' state-
ment." But this is only a legal conclusion and under the de-
cisions it is not good law: Harvey v. Gunzberg, 148 Pa. 294;
Patterson v. Park et al., 166 Pa. 25; Williams et al. v. Ladew
et al., 171 Pa. 369. The above cases were cited and considered
by the court below, but, on the facts in the present case, the
learned judge failed to apply the law as decided in these and
many other cases.

The lease contains the following: "It is further agreed be-
tween the parties hereto, that should the said party of the sec-
ond part continue to occupy the said tenement after the expira-
tion of the term above limited, by consent of the said parties

of the first part, without entering into any further or other agreement, then the amount of rent, times of payment and other covenants and agreements hereinbefore mutually agreed upon, shall be continued as applicable to such further term so long as the said parties may continue to occupy the relation of landlord and tenant."

We have already seen that the affidavit of defense avers no other or further agreement sufficient in law to permit the tenant to hold over in the relation of tenant, except under the written lease which expired, by its terms, on April 1, 1907.

But, under all of the cases, it was in the power of the landlord to silently permit the tenant to hold over and enforce against him the terms of the lease for a year from April 1, 1907.

The court below was in error in holding that the tenant could continue the term of his occupancy, after April 1, 1907, without a new agreement, by a simple notice, and not be liable under the terms of the old lease. In other words the court held that the tenant could, by his own acts, make himself a tenant of the landlord after the expiration of the written lease, and then, at his own will, terminate the relation of landlord and tenant between himself and the lessors. The law is not so. The court, to support the above position, cited and relied on Effinger v. Lewis, 32 Pa. 367. But we think the learned court misunderstood and misapplied that case. In it there was a lease for 100 years, and it provided that the lessee, his heirs and assigns, might hold the premises so long as he or they should think proper, after the expiration of the term, at the same rent. The question was the right to hold under said lease longer than 100 years. The Supreme Court held that the parties meant to create an estate that should not end so long as the grantee, his heirs and assigns, should desire to keep it at the rent agreed upon, and that there was no rule or policy of law standing in the way of such a contract. That case does not touch the present controversy, because the tenant has no agreement or arrangement with his landlord placing him under the protection of that case. We cannot agree, under the facts in the present case, that the tenant has succeeded in getting into a legal position where he can occupy the premises during

his lifetime. His legal position is, so far as the facts now appear, that of a tenant for a year from April 1, 1897, under the terms of the lease for three years from April 1, 1904.

The assignment of error is sustained, the order reversed, and the rule reinstated, and unless other legal or equitable ground is shown to the contrary, the court below is directed to make the rule absolute and enter judgment against the defendant for the amount of the plaintiffs' claim, with interest and costs.