## Fidelity Trust Company *v.* Lee, Appellant.

*Landlord and tenant—Lease—Notice to quit—Vacation of premises—Holding over.*

Where a tenant gives notice of intention to vacate, three months before the end of the term, as provided by the lease, but at the end of the term, remains in possession under an extension, and at the end of the extension does not vacate, but refuses to sign a new lease on the

ground that certain repairs which had been promised him had not been made, he holds over another year, and is bound according to the terms of the preceding lease.

Argued Oct. 22, 1908.   Appeal, No. 135, Oct. T., 1908, by defendant, from order of C. P. No. 4, Phila. Co., Dec. T., 1907, No. 4,202, discharging rule for opening judgment in case of Fidelity Trust Company v. Henry S. Lee.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Rule to open judgment in ejectment entered on lease.
The opinion of the Superior Court states the facts.

*Error assigned* was order discharging rule to open judgment.

*DeForrest Ballou,* for appellant.—We feel that the case of Henderson v. Mfg. Co., 24 Pa. Superior Ct. 422, should rule this case.

Where there is an uncertainty in the provision in a lease relating to renewals, they are in general to be construed in favor of the tenant: Kaufmann v. Liggett, 209 Pa. 87; Swigert v. Hartzell, 20 Pa. Superior Ct. 56.

*Henry H. Farley,* with him *Edward B. West,* for appellee.—It is respectfully submitted that the case at bar is on all fours with the case of Patterson v. Park, 166 Pa. 25.

This case is merely carrying out the well-settled principle established in McBrier v. Marshall, 126 Pa. 290.   See also Harding v. Seeley, 148 Pa. 20; Harvey v. Gunzberg, 148 Pa. 294; Williams v. Ladew, 171 Pa. 369; Cairns v. Llewellyn, 2 Pa. Superior Ct. 599; Lipper v. Bouvé, Crawford & Co., 6 Pa. Superior Ct. 452; Bakewell v. Turner, 36 Pa. Superior Ct. 283; Henderson v. Clay Mfg. Co., 24 Pa. Superior Ct. 422.

OPINION BY HENDERSON, J., February 26, 1909:
The lease between the parties granted a term of one year from November 15, 1905.   There was a provision therein that unless either party should give to the other written notice for removal

at least three months before the end of the term the lease should continue on the same terms and conditions for a further period of one year, and so on, from year to year until terminated by either party by giving the notice referred to. The appellant gave notice on August 2, 1906, that he would vacate the premises at the end of the term on account of trouble with the lessor concerning repairs agreed to be made. After some negotiation there was an agreement for the extension of the term which was indorsed on the lease on November 1, 1906, as follows: "It is hereby further understood and agreed that this lease shall be extended until the first day of May, 1907." The lessee did not serve any other notice on the lessor of an intention to leave, nor did he vacate the premises at the end of the extended term, and when a lease was tendered to him to be executed he refused to sign it, because the repairs which had been promised him when he went into the house had not been made. He contends now that he is not holding under a lease; that the lease which he signed is terminated and that there was no authority for the judgment entered against him, and the case of Henderson v. Mfg. Co., 24 Pa. Superior Ct. 422, is relied on to sustain this position. There can be no doubt of the right of the tenant to have gone out at the end of the first year, notice having been given pursuant to the terms of the contract, but he did not go out and the term was extended for an additional period. Notice on the part of the tenant of his intention to vacate did not of itself destroy the tenancy. It was necessary that he go out in order to produce that result. He had the election to remain for an additional year or to leave, but a notice to leave is not the equivalent of a vacation. It must be followed up by a removal of the tenant from the premises. In the case cited by the appellant there was a notice by the tenant of his intention to leave and before the end of the term an oral agreement for a new lease at a rate agreed upon. When the tenant called at the end of the term for a copy of the lease it had not been prepared, but was promised for the next day. The lease was not delivered, and the landlord refused to execute it. After another demand for a lease the tenant left the premises within a month and paid rent to that date. It is obvious that there was no liability in

that case under the original contract, for the tenant was induced to hold over on the promise of a new lease which the landlord subsequently refused to give. There was no intention on the part of the tenant to remain under the old lease. He had terminated that and provided for a new lease on the strength of which he remained in the premises. The law will give no encouragement to the use of a trick or a breach of contract to create a tenancy not intended by the lessee. But the appellant's case is different. There was no new lease nor promise of one; there was no inducement to the tenant to hold over in expectation of a new lease. There is the plain case of a tenant remaining in possession after the end of the term and refusing to pay the rent because of an alleged unperformed agreement to make repairs in connection with the contract for the first year. The facts bring the case clearly within the decisions in McBrier v. Marshall, 126 Pa. 390; Harvey v. Gunzberg, 148 Pa. 294; Patterson v. Park, 166 Pa. 25; Cairns v. Llewellyn, 2 Pa. Superior Ct. 599; Bakewell v. Turner, 36 Pa. Superior Ct. 283, which hold that where a tenant remains in possession after the expiration of his term without having made any new arrangement with his landlord he is bound according to the obligations of the preceding lease. A provision for the termination of the lease on notice from the tenant must be interpreted in the light of its manifest purpose. It is intended to give to the tenant a right to leave at the end of the period stated and thus release himself from further liability on the lease. It only becomes effective in relief of the tenant when he goes out at the end of the term. If it were not so every such notice under a provision in a lease would have the effect to abrogate the contract and leave the tenant in possession, if he chose to remain, without a lease and without adequate means by which the landlord could recover possession promptly.

The judgment is affirmed.