## Nathan *v.* Sinclair, Appellant.

*Landlord and tenant—Notice to quit—Computation of time.*

Where a lease provides that the term shall be from a day stated the lease conveys a present interest in the lessee, and the day stated must be counted as part of the term of the lease.

Where a lease provides for a term of two years "from the first

day of July, 1912," with a further provision that "it is hereby mutually agreed that either party may determine this lease at the end of the said term or any renewal thereof by handing the other written notice thereof at least three months prior thereto, "and written notice is given on the first day of April, 1915, of an intention to vacate on July 1, 1915, and the lessee vacates on July 1st," the notice is insufficient and the lessee will be liable for another year.

Argued Oct. 17, 1916. Appeal, No. 409, Oct. T., 1916, by defendant, from judgment of C. P. No. 4, Philadelphia Co., June T., 1915, No. 5056, overruling demurrer to statement of claim in case of Harry M. Nathan v. Sinclair and Valentine Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for rent of premises No. 152 North Eleventh street, Philadelphia, for a year from July 1, 1915, to July 1, 1916.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in overruling demurrer and in entering judgment for plaintiff for $1,154.25.

*J. W. McWilliams,* with him *C. S. Wesley,* for appellant.—Where the computation is to be made from or after an act done, or the time of an act, or the happening of an event, the rule supported by the weight of authority is that the date of the act or the happening of the event is to be excluded and the last day included: Cromlien v. Brink, 29 Pa. 522; Menges v. Frick, 73 Pa. 137; Marks, Ex., v. Russell, 40 Pa. 372; Edmundson v. Wragg, 104 Pa. 500; Weld v. Barker, 153 Pa. 465; Binswanger v. Dearden, 132 Pa. 229; Lutz's App., 124 Pa. 273.

The above well-settled principle as to the computation of time is of universal application, applying as well to

leases and contracts as to statutory periods: Weld v. Barker, 153 Pa. 465.

*Gordon A. Block,* with him *Clinton O. Mayer,* for appellee.—The notice was insufficient: Marys v. Anderson, 24 Pa. 273; Lysle v. Williams, 15 S. & R. 135; Nesbit v. Godfrey, 155 Pa. 251; Cairns v. Llewellyn, 2 Pa. Superior Ct. 599.

OPINION BY TREXLER, J., December 18, 1916:

The court entered judgment for want of a sufficient affidavit of defense.   The lease entered into was dated April 24, 1912, and was a demise for a term of two years from the first day of July, 1912, rent to begin from the first day of July, 1912.   There is a provision in the lease which reads, "It is hereby mutually agreed that either party hereto may determine this lease at the end of said term, or any renewal thereof, by giving the other written notice thereof at least three months prior thereto, but, in default of such notice, this lease shall continue upon the same terms and conditions as herein contained for a further period of one year and so on from year to year until terminated by either party hereto giving to the other three months' written notice for removal previous to the expiration of the then current term of this lease."

On the first day of April, 1915, the defendant company gave notice to plaintiff of its intention to vacate the premises on July 1, 1915, and on the latter date removed from the premises.   The plaintiff, on the theory that the proper three months' notice was not given, in that the year ended June 30th, seeks to hold the defendant company for the additional year.   The lower court entered judgment in his favor.

In Lysle v. Williams, 15 S. & R. 135, it is stated that the legal intent of the words "from the day of the date" has been the subject of dispute in England for a long time and that the word "from" may either be inclusive

or exclusive.   When the words "from the date" are made use of to denote the time at which an immediate interest is to pass, the date is inclusive.   The distinction is between the legal construction of the words when used by way of computation and when used by way of passing an interest.   This principle as applied to leases has led to the inclusion of the date in the term of the lease for the reason that a present interest passes.   In Marys v. Anderson, 24 Pa. 272, a lease of land for one year from the first day of April was held to expire the last day of March.   It is there stated that it is the universal understanding that one leasing from the first day of April has the right of entry on the day named.   This case was followed in Nesbit v. Godfrey, 155 Pa. 251, where the words used were "next ensuing the day and year above written."   The date being June 12th, it was held that the second year began June 12th.   In Cairns v. Llewellyn, 2 Pa. Superior Ct. 599, where a lease was dated November 4th, WICKHAM, J., states that under the Pennsylvania decisions the term ended November 3d.

We must regard it as settled in regard to leases that the term "from the day of" conveys a present interest in the lessee and that the day must be counted as part of the term of the lease.

The cases cited in the brief of the defendant, with one exception, do not arise in landlord and tenant cases. The case of Binswanger v. Dearden, 132 Pa. 229, an action for rent, relied upon by the defendant was a case that arose under the affidavit of defense law in which the affidavit was regarded as sufficient.   What particular portion of the affidavit furnished the basis of the decision does not appear.

Judgment affirmed.