## Evaston v. Myers et al.

*Charles E. Workman,* for rule; *Zimmerman, Myers & Kready,* contra.

GROFF, J., Sept. 29, 1928.—The facts of this case are as follows: Sometime during the month of May, 1926, Andrew F. Evaston rented from D. M. Myers, by a written lease bearing date May 1, 1926, all that certain two and one-half story brick dwelling-house, known as No. 301 West Lemon Street, in the City of Lancaster, to hold the premises from May 1, 1926, for the term of eleven months for the rent or sum of $495, to be paid in monthly portions of $45 each, in advance.

Paragraph 5 of said lease is as follows:

"That the Lessee hereby waives and dispenses in favor of the Lessor all laws which now or which hereafter shall exempt any property upon the demised premises, or any property elsewhere belonging to the Lessee from levy and sale upon distress for the rents hereby reserved, or upon execution on any judgment obtained in action brought for breach of any of the cove-

nants herein contained; and all property, goods or chattels of Lessee shall be liable for distress for rent in arrears and unpaid, and shall continue liable to be distrained upon for the space of thirty days after Lessee shall have removed from said premises, leaving any rent reserved by this Lease in arrears and unpaid, whether such property, goods or chattels shall have or have not ever been upon said demised premises."

Paragraph 7 of said lease is as follows:

"VII. If the Lessee shall hold over after the expiration of the term hereby created, with the consent of the Lessor, it shall be deemed and taken to be a renewal of this Lease and of all the terms, conditions, covenants and provisos therein contained, for another term, and so on from term to term, at the option of said Lessor until said Lessee shall give three months' previous notice to said Lessor of an intention to determine the tenancy at the end of any term."

Paragraph 9 of said lease is as follows:

"IX. And the said Lessee further covenants and agrees that if he shall at any time during the continuance of this Lease, remove, attempt to remove or manifest an intention to remove his goods and effects out of or off from said premises, or if he shall make an assignment for the benefit of creditors, or if execution shall be issued or other legal proceedings had while any portion of the rent for the full term shall be unpaid, then the whole rent for the whole term of this Lease shall be taken to be due and payable forthwith; and the said party of the first part may proceed by landlord's warrant to distrain and collect the whole sum, or any Attorney of any Court of Record may enter judgment for the whole amount unpaid with 10 per cent. collection fee, and collect the same by execution, or the same shall be first paid out of the proceeds of such assignment or sale."

It is admitted that Andrew F. Evaston entered upon the said premises pursuant to the said lease in the month of May, 1926; that at the expiration of the said lease on April 1, 1927, the said lessee continued in the possession of the said premises under the terms of his lease for another term of eleven months, which ended on March 1, 1928; that at that time the said lessee, under the terms of his lease and with the consent of the lessor, continued to occupy the said premises until May 5, 1928, when he removed therefrom to other premises in the City of Lancaster, known as No. 418 North Mulberry Street, the property of Isaac Golden.

The landlord, D. M. Myers, one of the defendants in the said suit, issued a landlord's warrant and placed it in the hands of W. G. Sweigart, constable, the other defendant in the suit, who distrained lessee's goods and advertised them for sale on May 28, 1928, at 10 o'clock, but, before the said goods were sold, plaintiff filed his bond and issued his writ of replevin, which writ was served by the sheriff, and, according to his return appearing on the back of the writ, the goods were delivered to the plaintiff on May 28, 1928.

The plaintiff in this action files his statement of claim, by which he seeks to recover the sum of $145, injuries or damages sustained by him through what he alleges was a wrongful distraint of his goods. In reply to this statement, the defendants within the statutory time filed their affidavit of defense. The plaintiff now moves for judgment for want of a sufficient affidavit of defense, and as his reasons avers that the defendants failed to show:

1. That any rent was due, unpaid or in arrears at the time of levy.

2. A fraudulent or clandestine removal of the plaintiff's goods by the plaintiff from the demised premises.

3. Any justification for the seizure of plaintiff's goods on other than the demised premises.

As to the first averment, let us examine the lease, and we find that it was for the term of eleven months from May 1, 1926, that it contained in the 7th paragraph of the conditions of the lease the following: "If the lessee shall hold over after the expiration of the term hereby created, with the consent of the lessor, it shall be deemed and taken to be a renewal of this lease and of all the terms, conditions, covenants and provisos therein contained, for another term, and so on from term to term, at the option of said Lessor until said lessee shall give three months' previous notice to said lessor of an intention to determine the tenancy at the end of any term."

The plaintiff, therefore, plainly covenanted that if he should hold over the lease would be renewed for a period of eleven months, and that if he should hold over at the end of that period, it should be renewed for another period of eleven months, and so on from term to term, at the option of the said lessor, until the said lessee shall give three months' previous notice to said lessor of an intention to determine the tenancy at the end of any term.

From the pleading, it appears that the first renewal term ended March 1, 1928, and plaintiff remained on the premises with the consent of the lessor, one of the defendants, until May 5, 1928, when he removed without the consent or permission of the landlord.

Admittedly, the three months' notice of the determination of the lease was not given.

"It matters not in what language a covenant to renew a lease is couched, so that the intention is reasonably apparent and the length of the new term is specified.

"Holding over by a tenant who has an option for an additional term is notice to his landlord of his election to exercise his privilege. That actions speak louder than words is sound law, as well as proverbial wisdom:" Cairns et al. v. Llewellyn et al., 2 Pa. Superior Ct. 599; McDonald v. Karpeles, 61 Pa. Superior Ct. 496.

And we find this same principle enunciated in White et al. v. Long et al., 289 Pa. 525.

We also find that "Where a lease contains a covenant or option to renew, any holding over, even for a short time, would give the landlord the right to elect to hold the tenant liable as a tenant for the specified term of renewal, regardless of the intention of the lessees:" Cairns et al. v. Llewellyn et al., 2 Pa. Superior Ct. 599.

In McBrier v. Marshall, 126 Pa. 390; Harvey v. Gunzberg, 148 Pa. 294; Patterson v. Park, 166 Pa. 25; Bakewell v. Turner, 36 Pa. Superior Ct. 283, as well as in Cairns v. Llewellyn, cited above, it is held that "Where a tenant remains in possession after the expiration of his term without having made any new arrangements with his landlord, he is bound according to the obligations of the preceding lease. A provision for the termination of the lease on notice from the tenant must be interpreted in the light of its manifest purpose:" Fidelity Trust Co. v. Lee, 38 Pa. Superior Ct. 333.

We, therefore, conclude that the tenant, under the terms of his lease, was bound for the rent of the second renewal period, to wit, for eleven months from March 1, 1928. Now, that being the case, could the landlord distrain for his rent after the tenant removes his goods from the premises?

The act of assembly says: "In case any lessee for . . . term of years . . . of any . . . tenements, upon the demise whereof any rents are or shall be reserved or made payable, shall, from and after the publication of this act, fraudulently or clandestinely convey or carry off or from such demised premises his goods and chattels, with intent to prevent the landlord or lessor from

distraining the same for arrears of such rents so reserved as aforesaid, it shall and may be lawful to and for such lessor or landlord, or any other person or persons, by him for that purpose lawfully empowered, within the space of thirty days next ensuing such conveying away or carrying off such goods or chattels as aforesaid, to take and seize such goods and chattels, wherever the same may be found, as a distress for the said arrears of such rent, and the same to sell, or otherwise dispose of, in such manner as if the said goods and chattels had actually been distrained by such lessor or landlord in and upon such demised premises for such arrears of rent:" Act of March 21, 1772, § 5, P. L. 371; 2 Purdon's Digest, 2176.

If there was nothing but the act of assembly, and the goods were not fraudulently or clandestinely removed, then, of course, the distress would have been a wrong upon the plaintiff, but the lease provides in paragraph 5 of is conditions, ". . . all property, goods or chattels of lessee shall be liable for rent in arrears and unpaid, and shall continue liable to be distrained upon for the space of thirty days after lessee shall have removed from said premises: . . ." Harrop v. Lutz, 53 Pa. Superior Ct. 195; Weiss v. Levey, 69 Pa. Superior Ct. 359.

And the question raised by the plaintiff as to whether the removal was fraudulent and clandestine is always a question of fact to be submitted to the jury.

In Owens v. Shovlin, 116 Pa. 371, the court decided as follows:

"The right of a landlord to follow and distrain his tenant's goods and chattels removed from the demised premises exists only by force of section 5 of the Act of March 21, 1772, 1 Sm. Laws, 371; and, in the absence of a special provision in the lease otherwise, the right can be exercised only when the goods have been removed fraudulently or clandestinely.

"Notwithstanding there is a provision in a lease that in case of the removal of the tenant from the premises during the term, the whole rent unpaid should then become due and collectible by distress or otherwise, goods and chattels of the tenant removed from the premises cannot be distrained unless the removal was fraudulent and clandestine, which is a question of fact to be submitted to the jury."

The affidavit of defense in this case plainly shows the removal of the goods in violation of the terms and the conditions of the lease, and the question as to whether or not their removal was fraudulent or clandestine, under all the circumstances, is one that must be submitted to a jury.

The plaintiff further claims that the defendant failed to show any justification for the seizure of plaintiff's goods on other than the demised premises. The defendants set forth as a part of their defense the lease in the case, which shows that the lessee, who is the plaintiff in this case, waived all laws which now or which hereafter shall exempt any property upon the demised premises, or any property elsewhere belonging to the lessee, from levy and sale upon distress for the rents hereby reserved. Plaintiff agreed that if he should at any time during a continuance of this lease remove his goods or effects off from said premises, the whole rent for the whole term of the lease shall be taken to be due and forthwith payable. This was a valid agreement: McAnniny v. Miller, 19 Pa. Superior Ct. 406.

And lessee further agreed that all property, goods or chattels of the lessee shall be liable for distress for rent in arrears and unpaid, and shall continue liable to be distrained upon for the space of thirty days after the lessee shall have removed from the said premises, leaving the rent reserved in this lease in arrears and unpaid, whether such goods or chattels shall have been, or shall never have been, upon the said demised premises.

We feel, after a careful reading of the affidavit of defense and a full consideration of the lease and the terms thereof, that the defendants have set up sufficient facts in their affidavit of defense to raise an issue that should be tried by a jury.

We conclude that the tenant continuing for two months and fifteen days upon the premises after the second renewal of the lease, that the unpaid rental for the unexpired term became due; that the plaintiff having agreed that his goods could be followed for thirty days after removal from the premises, and he having waived all laws exempting his property from levy and sale, the lessor was justified in issuing his landlord's warrant.

We, therefore, discharge the rule for judgment for want of a sufficient affidavit of defense. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.