Trio Garage & Service Co., Inc. *v.* Huffman-Wolfe Co., Appellant.

Argued October 24, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*J. Kennard Weaver,* for appellant.

*Harry M. McCaughey,* for appellee.

OPINION BY KELLER, J., December 12, 1930:

A careful reading of the record in this case fails to convince us of any reversible error in the court below.

Appellant's complaint as to his having been misled by the conduct of his adversary's attorney is not justified by the record. It fails to show that the latter did anything inconsistent with the actions of an honorable attorney.

This action was brought in the municipal court in December, 1928. A jury trial was waived. Over a year later, when the case was listed for trial in a non-jury trial room, and was ready for trial, defendant's attorney asked plaintiff's attorney to consent to its being tried before a jury, and the latter agreed. Defendant's attorney, being of opinion that the case could not be tried as a jury action for about two weeks, told an important witness that he could leave the city the next day, and when the case was called for trial before a jury the next day his witness was absent. Plaintiff's attorney had not agreed to a continuance for two weeks or done anything but consent to the case being taken from the non-jury list and tried before a court and jury. There was no valid reason why the case should be further delayed because of defendant's ac-

tion in permitting his witness to be absent the day of trial. Neither the plaintiff nor his counsel was in any way responsible for it.

On the merits of the case there is no better ground for reversal. Defendant was tenant of plaintiff's building for the term of two years expiring October 24, 1928, with a clause of renewal for another year unless defendant gave plaintiff ninety days' written notice of his intention to determine the lease at the expiration of the term. Defendant gave such notice but did not vacate the premises until October 26th and thereby became liable for another year's rent: Adams v. Dunn, 64 Pa. Superior Ct. 303; Nathan v. Sinclair, 65 Pa. Superior Ct. 237; Bakewell v. Turner, 36 Pa. Superior Ct. 283.

The alleged negotiations relied on by appellant did not take place until October 25th, when defendant was already liable for the full year's rent, and none of the proposed offers amounted to proof of a definite agreement to accept a surrender of the additional term. The excluded telephone conversation, even if admitted in evidence, would not have availed defendant as a valid defense nor furnished proof of plaintiff's acceptance of a surrender of the lease. Defendant could not have been misled, to its injury, by negotiations which did not begin until the liability for another year's rent had been definitely incurred.

The assignments of error are overruled and the judgment is affirmed.