The opinion of the court was delivered by
Tilghman, C. J.
This is an action of replevin, brought by Isaac Roberts, the plaintiff below, against Jldam Diller, the plaintiff in error. The defendant acknowledged the seizure of the plaintiff’s goods, and made cognizance, as the bailiff of George Ream, by whose orders he distrained for a year’s rent, due to the *63 said Ream, from the plaintiff. The main point in the cause was, whether the landlord had a right to distrain. The evidence was to the following effect: — A written agreement, bearing date the 23d of March, 1818, was made, between Ream and Roberts, by which, in consideration of the sum of forty-seven pounds, to be paid on the 1st of April, 1816, Ream let or rented (these are the-expressions,) to Roberts, a certain tavern, and lot of ground, for one year, from the 1st of April, 1816. There were several covenants for things to be done by each party, some of which I shall mention hereafter, and for the true performance of the whole, each bound himself to the other, in the sum of ninety-four pounds. Roberts entered on the 1st of April, 1816, paid the sum of forty-seven pounds in advance, and enjoyed the premises, until the 1st of April, 1817. No new agreement was made between the parties, but Roberts remained on the premises, and, on the 3uth of April, 1817, the defendant, by order of Ream, distrained on the plaintiff’s goods, for the sum of forty-seven pounds, which he claimed as a year’s rent in advance, due the 1st of April, 1817. The president of the Court of Common Pleas, charged the jury, that the landlord had no right to distrain, and to this opinion the counsel for the defendant excepted. In the argument before us, the counsel have discussed the broad question, whether, when rent is reserved, payable in advance, the landlord has a right to distrain immediately on the rent’s being due, according to the terms of the lease. On this question no opinion will be given, because, it did not arise on the evidence in this case. There was no evidence of any agreement for the second year’s rent; but it was contended, on the part of the defendant, that on the plaintiff’s holding over after the end of the first year, the law implied an agreement, that he should pay the same rent, and at the same time, which he had agreed to pay-it the first year. Such undoubtedly is the general rule; but the written agreement for the first year, in this case, was of so singular a nature, that I do not think there could be any implication of law, that it should extend to the second year. The reason for my opinion, that the law did not imply an extension of the written agreement to the second year, is, that it contained several collateral matters, to be done by each party, which could be performed in the first year only. For instance, Roberts was to finish a certain room in the house, then in an unfinished state, for which purpose he was to advance money, which was to be repaid by Ream, at the end of the year. — Ream was to have a right to keep his horse in the stable, until the 1st of August. — Roberts was to keep a public house, and obtain and pay for the license for the same. — Ream was to have the roof of the stable repaired by the 1st of June, and put a fence round the lot and garden, by the 5th of April. — Ream was to give two wagon loads of his dung, which was then on the premises, to be replaced by Roberts, at the end of the year, and was to take away the rest of his dung by the *64 1st of May. All these things indicated a bargain for one year only. In fact, it very much resembled what is called a bargain and sale for a year, though at the same time it was, in strictness, a lease. But, as some of the things which were to he done the first year, could not be done the second year, I do not see on what ground the law would imply a contract, that the same money should be paid the second year, and on the first day of the year. Then, if the law did not imply a contract to pay the exact sum'of forty-seven pounds, there could be no distress, even though the jury might think forty-seven pounds a reasonable compensation for one year’s enjoyment of the premises. To entitle the landlord to a distress, there must be a reservation of a certain rent, of which there was no evidence in this case, but the written agreement, before mentioned. I am of opinion, therefore, that the judge was correct, in charging the jury, that in this case the landlord had not a right to distrain. But, besides the exception to the judge’s charge, there were three bills of exceptions to the evidence. Of the two first nothing need be said, as they were abandoned. The third was to the following effect. The sheriff made return on the writ of replevin, “property not delivered, and hail entered by the defendant.” The defendant offered to prove, “that the sheriff has searched for the bond, which the plaintiff alleges was given by the defendant, and which the return on the. writ, by inadvertence and mistake, alleges was taken, and it is not to be found, and that no such bond existed.” This evidence was objected to by the plaintiff, and rejected by the court. The defendant’s offer was, in one word, to prove the return of the sheriff to be false. But this the law will not permit. In the present action, the return of the sheriff cannot be contradicted, although it may be, in an action brought against him for a false return. The mistake alleged by the defendant is a very singular one; but, if there really was such a mistake, the sheriff should have applied to the Court of Common Pleas, for leave to amend, or rather to alter his return. No doubt, that court, on proof of the fact, would gave given leave to do so. If the return was false, and the defendant has been injured by it, he has his remedy by action against the sheriff. But I consider the law settled, that the return cannot be contradicted by either party, in the action in which it was made. There was no error, therefore, in the rejection of the evidence. I am of opinion, on the whole, that the judgment should be affirmed.
Judgment affirmed.

See Buckley v. Taylor, 2 D. & E. 600, where it is held, that, where by the custom of the country the tenant is to pay one half a year’s rent in advance, on the day he enters, the landlord may distrain on that day.