## HEMPHILL v. FLYNN.

A landlord may, at his election, treat a tenant holding over, after a term, as tenant from year to year, or as a trespasser.

ERROR to the District Court of the city and county of Philadelphia.

*Jan. 8th.*—Use and occupation. A store was originally let by the year to L. & Co. On the 4th May, 1842, plaintiff agreed to permit defendant to occupy for the unexpired term of L. & Co.'s lease, with their assent, say up to the 1st Dec. 1842, for $500, payable 1st Sept. and Dec. On the 1st March, 1843, defendant, having quit possession, paid one quarter's rent, and then tendered the key, which, after refusal, was accepted, subject to plaintiff's right to bring the action: or without prejudice to the rights of either party, according to one witness. This action was to recover for the residue of the year 1843.

Stroud, J., charged, that the holding over being after a lease for a definite period, the landlord could recover only for the actual occupation.

The case was argued, Dec. 9th, 10th, and again on this day, by

*C. Ingersoll*, for plaintiff.—The receipt of the key was immaterial, under the circumstances. Marseilles *v.* Kerr, 6 Whart. 500. This action lies as well where there has been an actual occupancy, as where the tenant might have occupied. 2 Whart. Dig. *Land. & Tenant*, 211, 212. If the cases do not establish a tenancy from year to year, from the mere holding over and an election of the landlord, yet at least the

jury may infer such a contract from these acts. Boggs *v.* Black, 1 Bin. 336 ; Bedford *v.* McElherron, 2 Serg. & Rawle, 49 ; Fauhenstock *v.* Fauhenstock, 5 Serg. & Rawle, 58 ; Grant *v.* Gill, 2 Whart. 45 ; Logan *v.* Herron, 8 Serg. & Rawle, 461, 468—470, 473—475. The only act of election by the landlord could be acceptance of the rent, which was done, and as for one quarter.

*T. S. Smith,* contrà.—The naked question is, what is the tenure ? for the original was, at all events, definite. It is at sufferance : and this very case is put, as an instance of such title, by Blackstone and Coke. Being liable as a trespasser, (Boggs *v.* Black,) he is entitled to the rights, and may cease trespassing by going off at pleasure.

*Jan.* 21. SERGEANT, J.—The charge of the court below was, that as the lease to the defendant was originally for a definite period, until the expiration of the term of J. S. Lewis & Co., say 1st December, 1842, the plaintiff could only recover for one quarter. The fact that the lease to the defendant was only for a definite period, does not determine whether he might not become tenant for the ensuing year, under the circumstances that occurred. The decisions are, that where the lease is for a definite period, and the tenant holds over, the landlord may treat him as a tenant by sufferance, and turn him out without three months' notice, previous to the end of the period. But it is a different question, whether, in case the tenant holds over, in such case, the landlord has not the option to treat him as tenant for another year, under the same terms as the former lease, so far as applicable. There seems to be both reason and authority to show that he may. The tenant knows the time when his lease will determine ; it is his duty to move out by that time, and surrender the premises to the landlord : and if he does not, it seems reasonable to consider his conduct as evidence of his assent to continue tenant for another year, which is the time the law ordinarily implies. If he do not remove, the landlord may be materially injured. He is prevented from providing another tenant, and is left at the mercy of one who stays or goes as it suits him. It is but just, therefore, if the landlord should be at liberty to take him at his offer, and consider his remaining as an assent on his part to continue, and that such an agreement is implied by the law in that case. The nature of so important a relation ought not to be left to the caprice of one party, to retain the possession of another man's estate, or leave it, without his consent. In Dillon *v.* Roberts, 13 Serg. & Rawle, 63, Tilghman, C. J., says, it was contended for the

defendant, that on the plaintiffs holding over, after the first year, the law implied an agreement, that he should pay the same rent, and at the same time, which he had agreed to pay in the first year. Such, undoubtedly, is the general rule: but the covenants did not extend to the second year, being to be performed in the first year only. So in Phillips *v.* Monges, 4 Whart. 229, it is said, by Rogers, J., that when a landlord suffers the tenant to remain in possession after the expiration of the tenancy, and receives rent from him, a new tenancy from year to year is established: and if no new agreement is entered into, the law will presume a new agreement is entered into, in the silence of the parties; that the tenant holds the premises subject to all such covenants contained in the original lease as apply to his present situation. In the case before us, the tenant held over for a quarter, paid a quarter's rent, and then insisted he was bound no longer. The landlord contends that the defendant thereby became tenant for the ensuing year, if he choose so to consider him, and to assent. In this we think the landlord is right.

Judgment reversed, and venire facias de novo awarded.