## Laguerenne *versus* Dougherty.

Where a lessee for years holds over, after the expiration of his term, he is a tenant from year to year, subject to all the covenants and stipulations contained in the original lease, so far as they are compatible with a yearly holding.

If, in the original lease, the rent be payable monthly, it still continues to be so payable, and may be distrained for at the expiration of any month.

ERROR to the District Court of *Philadelphia*.

This was an action of replevin by Edward Laguerenne against Alexander E. Dougherty and Wells Walton, a constable, for certain goods and chattels taken by the defendants as a distress for rent.

The defendants avowed the taking of the goods as a distress for four months rent due the 31st July 1858, by virtue of a tenancy commenced under the following lease, and continued by the holding over of the plaintiff, after the expiration of the term :—

Memorandum.—The subscriber rents from Alexander E. Dougherty, the store, No. 39 south Front street (now occupied by me), between Market and Chestnut streets, extending through to, and fronting on Water street, for one year, commencing on the first day of July 1857, at the rate of thirteen hundred dollars per annum, payable in monthly instalments of one hundred and eight dollars and one-third of a dollar ($108⅓,) on the last day of each month, during said term. It is understood and agreed, that the aforesaid premises shall be kept in good condition and repair, at the expense of Edward Laguerenne, and at the end of said term, said premises shall be delivered up to the lessor, his executors, administrators, or assigns, in good condition and repair, as they now are, ordinary wear and tear only excepted. It is further agreed, that the said premises, or any portion thereof, shall not be let or underlet, nor shall this lease be assigned by the lessee, without the consent in writing hereon endorsed by the lessor. It is further agreed, that if the rent is not punctually paid, as above provided, and any portion thereof shall remain unpaid fifteen days after any instalment shall be due, or upon the breach of any other condition of this lease, the subscriber shall be a mere tenant at sufferance, subject in particular to be dispossessed by the said Alexander E. Dougherty, his executors, administrators or assigns, without notice or process of law, with release of errors and of damages.

                                        E. LAGUERENNE.    [SEAL.]

*Philadelphia, June 5, 1857.*

[Laguerenne *v.* Dougherty.]

Alexander E. Dougherty, the owner of said store and premises, hereby agrees to rent the same, upon the terms above stated, to the said Edward Laguerenne.

The above lease signed, sealed and delivered in presence of J. W. RYERSS.        A. E. DOUGHERTY.    [SEAL.]

On the trial, the plaintiff's counsel presented certain points in writing, upon which they requested the court to charge the jury, the 4th and 7th of which raised the only material question in this case, namely, whether the plaintiff, after the 30th June 1858, became a tenant by the year, and whether his rent would be due and payable before the termination of the year.

The court below declined so to charge the jury, to which the plaintiff excepted; and .a verdict and judgment having been rendered in favour of the defendants, finding the rent in arrear to be $356.99, and the goods distrained to be of like value, the plaintiff removed the cause to this court, and here assigned the same, *inter alia*, for error.

*W. G. McAllister*, for the plaintiff in error, cited Waltman *v.* Allison, 10 *Barr* 466; 16 *Q. B.* 636; Boyd *v.* McCombs, 4 *Barr* 148; Menough's Appeal, 5 *W. & S.* 433.

*Weil* and *H. M. Phillips*, for the defendant in error.—After holding over, when the term of the lease had expired, Laguerenne was a tenant from year to year, subject to all such covenants and stipulations in the original lease, as applied to his situation. " A tenant holding over after the expiration of a lease for years, may be taken to hold upon any of the terms of such former lease which are consistent with a yearly tenancy:" Hyatt *v.* Griffiths, 17 *Ad. & E.* 505. In the 8th lecture of *Smith on Landlord and Tenant*, p. 221, referring to the tenancy of one holding over after the expiration of the lease, we find as follows: " The yearly tenancy thus raised is governed, not by the simple rules which govern yearly tenancies in the absence of express stipulations, but by the provisions of the expired lease, so far as they are compatible with a yearly holding:" see Rigge *v.* Bell, 5 *T. R.* 571; Richardson *v.* Gifford, 1 *Ad. & E.* 52; Beale *v.* Sanders, 3 *Bingh. N. C.* 850.

Our own cases give precisely the same result. In Diller *v.* Roberts, 13 *S. & R.* 63, Ch. J. TILGHMAN says: " The general rule undoubtedly is, that the law implied an agreement that he (the former lessee) should pay the same rent, and at the same time, which he had agreed to pay the first year." The case of Phillips *v.* Monges, 4 *Wh.* 226, is directly in point. Judge ROGERS says: " When a landlord suffers the tenant to remain in

[Laguerenne v. Dougherty.]

possession after the expiration of the tenancy, a new tenancy from year to year is established. And if no new agreement be entered into, the law will presume, in the silence of the parties, that the tenant holds the premises, subject to all such covenants contained in the original lease as apply to his present situation:" he cites Bishop v. Howard, 2 *B. & C.* 100; Jordan v. Ward, 1 *H. Bl.* 99; Diller v. Roberts, 13 *S. & R.* 63.

We refer to the adjudications to the same effect, in the courts of many of our sister states, to be found in the American notes to *Smith's Landlord and Tenant* 221, and to the American notes to the case of Hyatt v. Griffiths, already cited, in 79 *Eng. Com. Law Reports* 505; among which are Fronty v. Wood, 2 *Hill* (S. C.) 367; Brewer v. Knapp, 1 *Pick.* 335; Bacon v. Brown, 9 *Conn.* 334, and Conway v. Starkweather, 1 *Denio* 113.

PER CURIAM.—We are very clear that this cause was rightly tried in the court below. On the main point in dispute, and as we suppose the only real point, the authorities referred to by the counsel for the defendant in error, abundantly prove the truth of the principles decided by the court.

Judgment affirmed.