JAS. McBRIER v. F. F. MARSHALL ET AL., EXRS.

ERROR TO THE COURT OF COMMON PLEAS OF ERIE COUNTY.

Argued April 29, 1889—Decided May 13, 1889.

(*a*) In an action of assumpsit for rent, the landlord averred that the tenant had elected, under a clause in the lease, to retain the demised premises for a second term of five years, and had paid the rent for the first year of said second term, but had refused to pay the rent, as it became due, for the second year.

(*b*) The tenant in his affidavit of defence denied such election, and averred that at the end of the first term, as the landlord had failed to secure a new tenant, he had retained the premises for one year for his accommodation, and then surrendered them, and further that the landlord had broken his covenant to keep the premises in repair, the defendant "actually sustaining a loss thereby in excess of $2,000."

1. In such case, in the absence of any clear averment of a binding agreement by which the original contract had been abrogated or modified, it was not error in the court below to enter judgment for want of a sufficient affidavit of defence; the allegation of a loss caused by plaintiff's failure to repair was too vague to constitute a defence, even if such a set-off were admissible.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Nos. 21 and 305 January Term 1889, Sup. Ct.; court below, No. 18 September Term 1888, and No. 85 November Term 1888, C. P.

On May 19, 1888, F. F. Marshall, Jos. McCarter and S. E. Norris, as executors of the will of James C. Marshall, deceased, brought assumpsit to No. 18 September Term 1888, against James McBrier and filed a statement of claim averring, in substance, as follows:

That prior to March 12, 1881, James McBrier was in possession of water lots 61 and 62 in the city of Erie, by virtue of a lease and contract from James C. Marshall, and also in possession of water lots 63 and 64 in the city of Erie, by virtue of a lease from the executors of the estate of C. M. Reed, the first of which said leases expired by its terms January 1, 1882, and the said second lease was to expire April 1, 1881, and that

James C. Marshall had purchased water lots 63 and 64 prior to March 12, 1881, and was then the owner thereof.

That on March 12, 1881, the said James C. Marshall and James McBrier entered into the following written agreement:

" Whereas James McBrier now occupies two water lots, Nos. 61 and 62, with improvements, in the city of Erie, under and by virtue of a lease and contract from James C. Marshall, at the annual rent of eighteen hundred and twenty dollars.   And whereas the contract and lease under which the said McBrier holds said lots expires on the first day of January, 1882.   And whereas the said McBrier occupies two other lots, Nos. 63 and 64, under a lease from the executors of C. M. Reed, which lease expires the first day of April, 1881.   And whereas the said James C. Marshall has purchased the said two lots Nos. 63 and 64, and is now the owner thereof.

" It is now agreed by and between the said James C. Marshall and the said James McBrier that the said Marshall will renew the contract and lease under which the said McBrier now occupies said premises, and include in the renewed lease the two water lots Nos. 63 and 64, for the term of five years from and after the first day of January, 1882, with the privilege of having said lease renewed for the term of five years from and after the first day of January, 1887.   In consideration whereof the said McBrier is to pay the annual rent of two thousand dollars from and after the first day of January, 1882, in quarterly payments ; to pay for the use of said lots 63 and 64 from the first day of April, 1881, to the first day of January, 1882, the sum of three hundred dollars.

" The renewed lease to contain the covenants of both parties, as they are now bound to do."

That the said James C. Marshall prepared and executed in duplicate, an agreement dated December 28, 1881, wherein and whereby he leased to said McBrier the said water lots Nos. 61, 62, 63 and 64, and the undivided one half part of in-shore water lots 65 and 66, situate in the city of Erie, in pursuance of the provisions of the agreement of March 12, 1881, and that on December 31, 1881, he sent the said leases to the office of said McBrier to be by him executed, but not finding him, left a duplicate copy of said lease by the said James C. Marshall duly executed, with a clerk in said office ; that in pursuance

of said agreement, and the contract and lease, the said James McBrier entered into possession of said water lots on January 1, 1882, and continued in possession thereof for a term of five years, expiring January 1, 1887, paying rent therefor in accordance with the terms of said agreement and lease; that when said first term of five years expired, said McBrier elected to retain said premises for the second term of five years, and continued to use and occupy and still was in possession of said premises and had been continuously since January 1, 1882; and for the year expiring January 1, 1888, being the first year in the second term of five years, he paid to the plaintiffs the annual rent of $2,000, in quarterly payments, as provided for in the agreement and lease aforesaid; that the rent for the quarter expiring April 1, 1888, being the sum of $500, was due and payable by the terms of said agreement on April 1, 1888, and that the plaintiffs had demanded payment thereof but the said McBrier had neglected and refused to pay the same.

The defendant filed an affidavit of defence averring as follows:

"1. It is true, as set forth in the statement of the plaintiffs' demand, that on March 12, 1881, Jas. C. Marshall and deponent entered into an agreement, a copy of which is attached to plaintiffs' statement of claim.

"2. That it is not true that a lease in accordance with the terms and conditions set forth in said agreement dated March 12, 1881, was ever prepared by James C. Marshall and given to deponent, or left for deponent with a clerk in his (deponent's) office.

"3. That no other or different agreement was ever in any manner entered into by and between James C. Marshall and deponent, subsequent to March 12, 1881.

"4. That on September 6, 1886, deponent notified said F. F. Marshall, one of the executors of Jas. C. Marshall, deceased, that he would give up possession of the yard or premises, and that he has paid all rent due from him for same, and is in no manner or wise indebted to the plaintiffs.

"5. That James C. Marshall died on or about May 5, 1886, and since the death of said James C. Marshall all payments of rent for said referred to premises were made by deponent to F. F. Marshall as one of the executors of said decedent."

The defendant filed, also, a supplemental affidavit of defence as follows:

" It is not true as set forth in the plaintiffs' statement, that he elected to retain said premises for a second term of five years from January 1, 1887, for he denies having elected to retain said premises.

" Neither is it true, as in said statement set forth, that he is in possession of said premises, but as early as September, 1886, he notified the plaintiff of his intention of vacating the premises January 1, 1887, and the occupancy of the premises from January 1, 1887, to January 1, 1888, when he vacated the same, was with the permission of said Marshall, and for the benefit of said plaintiff, rather than have the premises remain idle and unoccupied, and that he did not occupy the same for said period under or by virtue of any previous agreement or in pursuance of any agreement."

On June 4, 1888, on motion of the plaintiffs, a rule was granted on the defendant to show cause why judgment for want of a sufficient affidavit of defence should not be entered. After argument of this rule, the court, GUNNISON, P. J., on July 30, 1888, filed the following opinion and judgment:

The agreement declared upon is admitted by the defendant. By that agreement, the defendant had a right to a second term of five years, upon the expiration of the first term, January 1, 1887. The defendant sets forth in his affidavit that as early as September, 1886, he notified the plaintiff of his intention of vacating the premises January 1, 1887, but he admits that he did not vacate them, but continued in possession until January 1, 1888. [If there were no subsequent agreement, his continuing over after the expiration of the first term, would be, in effect, a renewal of another term of five years. He does not allege any new agreement, upon sufficient consideration, for a term of one year to January 1, 1888, when he vacated the premises. His allegation that his occupancy during the year was with the permission of the plaintiff, does not show the term or consideration upon which such permission was given. It does not sufficiently allege any binding agreement by which the written contract of March 12, 1881, was modified or canceled. The rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence is made absolute.] [1]

Judgment having been duly entered in favor of the plaintiffs for $507.42, the defendant took the writ of error to No. 21 January Term 1888, Sup. Ct., assigning as error the portion of the above opinion and order included in [  ]¹

On October 8, 1888, the plaintiffs brought a second action in assumpsit against the same defendant to No. 85 November Term 1888, to recover the rent for the quarters expiring July 1, 1888, and October 1, 1888, to wit, $1,000 and interest.

In this action the plaintiffs filed substantially the same statement of claim as in the former case.

The defendant filed an affidavit of defence wherein, in addition to the defence made in the former suit, he averred, in substance, as follows : That while occupying the premises in 1887 with the consent of the plaintiff, the defendant had on March 6, 1887, written to the plaintiff, " If you expect us to pay rent for yard this year it will be necessary for you to make some repairs on the dock, to have it in good shape in case we should want to receive cargo lumber on it ; " that the plaintiff had duly covenanted in the lease executed by him " to keep up the necessary repairs of the dock ; " that by the plaintiff's failure to repair said dock, the defendant was deprived of a large part of said premises and greatly damaged thereby ; and that in fact defendant " actually sustained a loss thereby to an amount in excess of $2,000."

A rule for judgment for want of a sufficient affidavit of defence was made absolute in this case, in January 7, 1889, the court, GUNNISON, P. J., filing the following opinion :

The affidavit of defence in the case does not differ essentially from that filed by the same defendant in the action against him by the same plaintiffs, upon the same agreement, to No. 18 September Term 1888, excepting that as an additional defence he alleges a breach of the covenant on the part of the plaintiffs' decedent to repair, and the consequent damage sustained by the defendant.

The case of Gillion v. Finley, 22 W. N. 124, cited by the defendant's counsel is not a parallel case.  In that case the lease was " for the term of one year, with the privilege of three years from the first day of April, A. D. 1885," and the

court construed that agreement " to mean that the lease could remain one year or from year to year not exceeding three years." The absolute agreement was for one year, and the privilege was held to be for one or two like terms at the option of the lessee.

Here the absolute agreement was " for the term of five years from and after the first day of January, 1882, with the privilege of having said lease renewed for the term of five years from and after the first day of January, 1887." [There can be no mistaking this language. " The privilege of having said lease renewed for the term of five years from and after the first day of January, 1887," did not give the defendant the right to occupy the demised premises a shorter term, and then to surrender possession and be released from the payment of rent for the full term, in the absence of any acceptance of the surrender by the landlord: Breuckmann v. Twibill, 89 Pa. 58; Auer v. Penn, 99 Pa. 375.] [2]  No such acceptance by the landlord is alleged. [Having elected to hold over after the expiration of the original term, he must be considered to have held over under the agreement, and to have exercised his privilege of having the " lease renewed for the term of five years from and after the first day of January, 1887."] [2]

[The allegation that he " actually sustained a loss " from the failure of the plaintiffs to repair the pier " in an amount in excess of $2,000," is too vague to constitute a defence, even if such damage could be set off against the plaintiffs' claim. The nature and particulars of the alleged damage are not specifically stated.] [2]

Judgment was accordingly entered in favor of the plaintiffs for $1,023.50, whereupon the defendant took a second writ of error to No. 305 January Term 1889, Sup. Ct., assigning as error, the portions of the opinion included in [ ] [2] and the judgment of the court.

The two writs were argued together.

*Mr. S. A. Davenport* (with him *Mr. Griffith* and *Mr. S. S. Spencer*), for the plaintiff in error.

*Mr. Theo. A. Lamb,* for the defendants in error.

No. 21.

PER CURIAM:

When the defendant held over after the expiration of his term, he entered upon a second term of five years. It is true he sets forth in his affidavit, that in September, 1886, he notified the plaintiffs of his intention of vacating the demised premises on January 1, 1887. But he did not go. He admits that he continued in possession until January 1, 1888. In the absence of any new agreement, his remaining over would be the equivalent of a renewal of the lease for five years. He does not aver a new agreement to remain for one year only. That he remained with the permission of the plaintiffs was not to the purpose. They might have been entirely willing for him to do so, and to relieve him altogether provided he procured another acceptable tenant in his place. In the absence of any clear averment of a binding agreement by which the contract of March 12, 1881, was abrogated or modified, it was not error in the court below to enter judgment for want of a sufficient affidavit of defence.

Judgment affirmed.

No. 305.