# Sweeney *v.* McDonnell, Appellant.

*Landord and tenant—Entry of judgment in ejectment—Termination of lease.*

Where a lease shows on its face that its term has expired, an affidavit or affirmative proof as to the ending of the term is not necessary to authorize the prothonotary to enter an amicable action of ejectment and confession of judgment by virtue of the power contained therein.

Where a lease is for a certain definite term, and the lessee covenants to surrender possession at the end of that term, the lessor may upon breach of the covenant to surrender enter judgment in ejectment against the lessee under the power contained in the lease, although the lease contains the further provision : " A lawful continuance of the tenancy beyond said term shall be deemed a renewal thereof for a term of one year." In such a case there can be no " lawful continuance of the tenancy " without the consent of the lessor.

Argued March 16, 1904.    Appeal, No. 4, Jan.⸰ T., 1905, by defendant, from order of C. P. Lackawanna Co., Jan. T., 1904, No. 7, discharging rule to open judgment in case of Mary A. Sweeney, Executrix to use of J. J. Williams, v. Edward Mc-Donnell.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Rule to open judgment in ejectment entered under warrant of attorney in a lease.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order discharging the rule.

*E. W. Thayer*, of *Levy, Thayer & Lynch*, for appellant.—If the tenant was in his second term, judgment could only be entered against him upon proof of a breach of condition sufficient to work a determination of the term, and the burden of furnishing this proof was upon the landlord: Hand v. Suravitz, 10 Pa. C. C. Rep. 302; Hughes v. Moody, 10 Pa. C. C. Rep. 305.

A jury trial has always been regarded as the proper method of determining the title to, or right of possession of, real property. Equity has no jurisdiction in such cases: Washburn's App., 105 Pa. 480; Ferguson's App., 117 Pa. 426; Williams v. Fowler, 201 Pa. 336.

No affidavit or affirmative proof was furnished the prothonotary of the ending of the term, either by breach of condition or otherwise, and as the right to enter judgment depended upon some such fact, the entry of the judgment was irregular and voidable: Conway v. Halstead, 73 Pa. 354; Whitney v. Hopkins, 135 Pa. 246.

*C. P. O'Malley*, with him *Willard, Warren & Knapp*, for appellee.—The legal proceedings on the part of the use plaintiff are in harmony with ancient and established practice: Flanigen v. City of Philadelphia, 51 Pa. 491; Betz v. Valer, 39 Legal Int. 190; Scherr v. Seymour, 2 W. N. C. 534; Stewart v. Lawson, 181 Pa. 549.

OPINION BY RICE, P. J., April 18, 1904:

The lease in question was for a term of one year from October 1, 1902. The lessee covenanted that at the end of the term the demised premises should be delivered up without further notice, and expressly waived the notice to quit required by any act of assembly. The lease contained the further provision that upon the expiration or other determination of said term any attorney might appear for the lessee in an amicable action of ejectment for the demised premises and confess judgment therein. On November 16, 1903, an amicable action of ejectment and confession of judgment were entered in the common pleas, and a copy of the lease was filed therewith, "which judgment in ejectment," we quote from the paper filed, "is hereby directed to be entered in accordance with the terms of said lease, the term therein fixed having expired on the first day of October, A. D. 1903."

It is argued that as no affidavit or affirmative proof was furnished the prothonotary of the ending of the term, either by breach of condition or otherwise, and, as the right to enter judgment depended upon some such fact, the entry of judgment was irregular and voidable, and we are asked to do what was not asked in the court below, namely, to strike off the judgment. The argument is based on false premises. The proceeding was not to enforce a forfeiture for breach of condition, but to obtain possession of the premises at the expiration of the term. The prothonotary needed no other evidence than the lease itself, which showed that the term had expired, and that upon the happening of that event any attorney was empowered to agree to an amicable action of ejectment and confess judgment against the lessee. The proceeding was entirely regular and in accordance with the ancient and well established practice in such cases : Flanigen v. Philadelphia, 51 Pa. 491.

The lease contained this further provision : " A lawful continuance of the tenancy beyond said term shall be deemed a renewal thereof for a term of one year," etc. It is argued that the defendant had entered upon a second term of one year and could not be dispossessed until the end of that period. To sustain this proposition the fact that the lease was for a certain definite term and that the lessee covenanted to surrender possession at the end of that term must be ignored. Without the express or implied consent of the landlord, of which there is no evidence, there was no " lawful continuance of the tenancy" within the meaning of the clause above quoted. " A lease for years is a lease for a period that is definite and prefixed, and if the tenant have bound himself to quit and surrender up the possession of the demised premises at that definite and fixed period, the landlord may, without notice to him, set him out of possession if it can be done without a breach of the peace, or he may bring ejectment if the tenant will not go out, and he may sue him upon his covenant for damages : " Woodward, C. J., in Rich v. Keyser, 54 Pa. 86. See also Overdeer v. Lewis, 1 W. & S. 90 and Kellam v. Janson, 17 Pa. 467. These were the common-law remedies of the landlord, and there is no warrant for construing the lease in question as involving a surrender of any of them.

But even if the case turned on the question whether the de-

fendant was notified to quit before the expiration of the term, we are of the opinion that, in view of the overwhelming evidence in favor of the conclusion that such notice was given, the court did not exceed its discretionary power in discharging the rule.

We are asked by the appellee to impose the penalty prescribed by the act of 1897, where an appeal is sued out merely for delay. We do not think that this is such a case, therefore, the motion is overruled.

Order affirmed and appeal dismissed at appellant's cost.