## Adams *v.* Dunn, Appellant.

*Landlord and tenant—Lease—Principal and agent—Husband and wife—Parties—Indemnity fund—Term—Holding over.*

In an action to recover rent under a written lease where it appears that the lease was signed in his own name by the husband of the plaintiff, who owned the premises, and it appears from the record that he signed it as the plaintiff's agent, the defendant cannot after a trial on the merits object that the action was brought by the wrong party.

In such a case where it appears that the action was brought against a husband and wife, that the name of the husband alone appeared in the body of the lease as lessee, although both husband and wife signed it, and the record shows that the wife was in fact the lessee, the wife cannot object after a trial on the merits that she was improperly joined as a party defendant.

Where a lease is for one year from March 2d, it expires at midnight of March 1st of the following year; and if the lessee holds over and continues to occupy the premises during all of the day of March 2d of the following year, he will be liable for the whole rent for the second year, and he cannot allege as a defense, in an action for rent, that he occupied the premises during March 2d under a mistake of law as to the time his lease would expire; and this is the case although the lessee may have given a written notice of an intention to quit at the end of the term; nor is the mere holding over under such circumstances conclusive on the landlord.

Where a lessor holds a deposit of money under the terms of a

written lease as a fund to indemnify him against loss from breach of any of the covenants of the lease by the lessee, the lessor is entitled to hold the money as long as the relation of landlord and tenant continues to exist.

Argued Dec. 3, 1915.    Appeal, No. 264, Oct. T., 1915, by defendants, from judgment of Municipal Court, Philadelphia Co., April T., 1915, No. 150, on verdict for plaintiff in case of Alice M. Adams v. William F. Dunn and Annie E. Dunn.    Before Rice, P. J., Orlady, Head, Porter, Kephart and Trexler, JJ.    Affirmed.

Assumpsit on a written lease.    Before Bonniwell, J.
At the trial it appeared that the premises were owned by the plaintiff, Alice M. Adams, but that the lease was signed by her husband, William G. Adams, in his own name, but as his wife's agent.    The lessee mentioned in the body of the lease was William F. Dunn, but the lease was signed both by Dunn and by his wife, Annie E. Dunn. There was testimony to the effect that Annie E. Dunn was in fact one of the lessees.    Counsel for the defendant made the following offer:

"We offer to show that in November, about November 23, 1914, the agent for plaintiff and the witness had a conversation wherein Mr. Adams made a demand for rent upon this witness, and she paid him $25.00, and she told him that she could not continue the lease after the expiration of the first year.    She also told him to keep the $200.00 which she had deposited with him, and this Mr. Adams acquiesced in; that he did keep the money, and did acquiesce in her notice to remove at the end of the year.

"I also offer to show that, subsequently, in the neighborhood of January 4, 1915, Mr. Adams came to make a rent claim upon this woman at the place of business, and she again told him that she could not continue the lease for another year.    Business was bad, and at that time, he acquiesced in this: that she paid him, subsequently, $25.00 which together with the $200 he already had, paid

the rent in full, and, subsequently, she paid for the month of February and the month of January, as the rent was due; that the rent was paid up for the year and no further rent was due.

"I also offer to have her identify a statement in the shape of a letter to the witness in the way of evidence."

"Mr. McCracken: That is objected to in that it does not purpose to deny what has been positively testified to by Mr. Adams, a witness for the plaintiff, namely: that the defendant remained in possession subsequent to the expiration of the year, to wit: until the evening of March 2, 1915, and year having expired on March 1, 1915. I object further for the reason that it is not offered to show that the defendants delivered up the possession of the premises before the expiration of the year."

"The Court: In default of an additional offer to show that the defendants did deliver up the possession of the premises before March 2, 1915, the court rejects the offer of proof as being immaterial." Exception. (1)

Verdict and judgment for plaintiff for $279.13. Defendants appealed.

*Errors assigned* were (1) ruling on evidence quoting the bill of exceptions and (5) in directing a verdict for plaintiff.

*James J. Breen,* for appellants.—One not a party to a lease, nor privy with the owner of demised premises, cannot maintain action thereon: Seyfert v. Bean, 83 Pa. 450; Holt v. Martin, 51 Pa. 499; Acheson v. Kittanning, Etc., Gas Co., 8 Pa. Superior Ct. 477; Bassett v. Hawk, 114 Pa. 502; Hopkins v. Mehaffy, 11 S. & R. 126; Mackey v. Robinson, 12 Pa. 170; Quigley v. DeHaas, 82 Pa. 267.

The court may not rule, as a matter of law, that a lessee is liable for the holding over after he has given notice during the term of his intention to terminate the lease, when he remains in possession one day over the

term under the belief that that day was included in the
term: McBrier v. Marshall, 126 Pa. 390; Graham v.
Dempsey, 169 Pa. 460; Scott v. Beecher, 91 Mich. 590;
Ketchen v. Ochs, 70 N. Y. Supp. 268; Murtland v. English, 214 Pa. 325.

*Robert T. McCracken,* with him *Roberts, Montgomery
& McKeehan,* for appellee.—The appellee, Alice M.
Adams, had the right to bring this suit: Haines v. Elfman, 235 Pa. 341; Wood v. Custer, 16 Montgomery
County 118; Braker v. Deuser, 49 Pa. Superior Ct. 215.

The pleadings may be treated in this court as amended:
Braker v. Deuser, 49 Pa. Superior Ct. 215; Hoskinson
v. Eliot, 62 Pa. 393; Lehigh County v. Whitehall Twp.,
4 Lehigh County Law Journal 267.

The appellants by remaining in possession after the
expiration of the term, affirmed the lease for the succeeding year: Nesbit v. Godfrey, 155 Pa. 251; Cairns v.
Llewellyn, 2 Pa. Superior Ct. 599; Bakewell v. Turner,
36 Pa. Superior Ct. 283; Haines v. Elfman, 235 Pa. 341;
Graham v. Dempsey, 169 Pa. 460.

OPINION BY HEAD, J., October 9, 1916:

The record before us discloses that no plea in abatement was filed, nor was any complaint made in the court
below of the absence from the record of the name of any
necessary party or of the improper joinder of the defendants. Had there been such plea or complaint, any necessary amendment could and doubtless would have been
made. Indeed this court is invested with the right to
direct such amendment to be made here if required to
protect the interest of any party. But as the case was
tried, the judgment rendered will effectually estop not
only the present plaintiff, who is the real owner of the
demised premises, but also her husband, who executed
the lease for her by her authority, from bringing another
suit on the same cause of action and will thus completely
protect the defendants. The admissions in the answer

and the testimony of the defendant, Annie E. Dunn, show that she regarded herself as one of the lessees and perhaps the active one. We conclude therefore the several assignments of error, founded on the alleged irregularities in the form of the action and the joinder of Annie E. Dunn as a party defendant, cannot now avail, there having been a trial on the merits in the court below.

The lease was in writing, and the duty devolved on the learned trial judge to construe it. The term was for one year from the 2d day of March, 1914. Obviously, under all of the authorities, that term expired at midnight of the 1st day of March, 1915. The learned trial judge could do nothing else than so declare. It was conceded the lessees did not vacate the property at the termination of the lease but held over and continued to occupy the premises during all of the day of the 2d of March, 1915, which would be the first day of a new yearly term. They attempt to obviate the legal consequences of such a holding over by saying they did it under a mistake of law as to the time when their lease would expire; but intended to vacate in accordance with the notice they claim to have previously given. The plaintiff, denying as a fact that any such notice was given, argues that even if it was, she had a right to regard the subsequent holding over as an abandonment of the intention to vacate of which the notice would be, at the most but evidence, and she acquiesced in the holding over.

This was not a case in which, by the terms of the original lease, the lessee was given the option to renew the same on condition that his election so to do should be evidenced by a written notice a period of time in advance of the end of the term. And so it was held in Murtland v. English, 214 Pa. 325, that no notice of such an election having been given, as provided in the lease, the mere holding over could not be conclusive on the landlord; because the lessee had not done what was required to bind himself by the exercise of the conditional option given him. There is nothing in that case to in-

fringe upon the long established doctrine that where a tenant, after the expiration of his term, holds over with the acquiescence of the landlord, the lease will be considered renewed for another term. In Graham v. Dempsey, 169 Pa. 460, we quote the syllabus: "A tenant cannot escape liability for the rent of another term by giving notice that he is going out at the end of his year and then not going." To that statement of the law Mr. Justice MITCHELL adds: "That actions speak louder than words is sound law as well as proverbial wisdom." To the same effect is McBrier v. Marshall, 126 Pa. 390.

It appears the lessor still holds the deposit of two hundred dollars of the money of the lessee's placed in her hands, under the terms of the written lease, as a fund to indemnify her against loss by reason of the failure of the lessees to comply with the various covenants of the lease. She is entitled to hold this money as long as the relation of landlord and tenant continues to exist. When that relation is dissolved, but not until then, can she be called upon to return the same to the lessees or otherwise account for it. Whilst, in one aspect of the case, there is some appearance of hardship to the present defendants, we are all of the opinion the record discloses no reversible error and our interference with the judgment would be unwarranted. The assignments of error are all dismissed.

Judgment affirmed.