## United Supreme Council of Masons v. DeWindt, Appellant.

*Landlord and tenant—Lease—Verbal lease—Terms—Case for jury.*

In an action for dispossession under a verbal lease from month to month receipts from a landlord, showing that the rent was pay-

able in advance on the 27th of each month, are admissible in evidence to establish the termination of the lease.

Where the plaintiff proved by admission of one of the defendants that the rental was $45.00 a month, but that the landlord had allowed a credit on account of repairs, and that his successor had only demanded $40.00 per month, the defendants are not in a position to object because the landlord reduced the rent.

Where a case has been fully tried on the merits in the court below, the Superior Court will not reverse the judgment because of a procedural error participated in by all the parties, who proceeded on the theory that the action was triable under the provisions of the Practice Act of 1915, especially where the equities are all with the successful party.

Argued November 10, 1926. Appeal No. 168, October T., 1926, by defendants from judgment of Municipal Court of Philadelphia, October T., 1925, No. 600, in the case of The United Supreme Council of Sovereign Grand Inspectors General of the Thirty-third and Last Degree of the Ancient and Accepted Scottish Rite of Free Masonry (Prince Hall Affiliation) for the Northern Jurisdiction of the United States of America, Incorporated, v. James DeWindt and Mabel DeWindt. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Appeal from judgment of a Magistrate in dispossession proceedings. Before GLASS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $260 and possession of the premises, and judgment thereon.

Writs of habere facias and fieri facias were issued, and the plaintiffs were possessed of the premises. Defendants appealed.

*Errors assigned,* among others, were refusal of defendants' motions for judgment non obstante veredicto, and for a new trial.

*Henry M. Dubbs, Jr.,* for appellant.

*Chester N. Farr, Jr.,* for appellee.

OPINION BY KELLER, J., March 3, 1927:

This case came into the court below as an appeal from the judgment of a magistrate in dispossession proceedings brought by a landlord against its tenants.

The defendants were in possession of the property under a verbal lease made prior to the date when the plaintiff became the owner.

The main question of fact to be determined by the jury was whether the lease was from month to month, as asserted by the plaintiff, or from year to year, as claimed by the defendants. The jury agreed with the plaintiff, and as there was evidence to support the finding it will not be disturbed.

Subordinate questions which arose were: (1) If the tenancy was from month to month, on what day of the month did the term end? (2) Was there evidence of a certain rent reserved? (3) Was there sufficient evidence of notice to deliver up possession, in accordance with the Act of March 31, 1905, P. L. 87?

(1) While the proof was not voluminous on the subject, we think there was some evidence to support a finding that the monthly letting ended on the 26th of the month. The defendants averred that their tenancy began on that day of the month and the last five receipts for rent from the former landlord, now deceased, offered by them in evidence, showed that the rent was payable *in advance* on the 27th of the month, which would fix the 26th as the end of the monthly term: Adams v. Dunn, 64 Pa. Superior Ct. 303. The rent account of the agents in charge of collection of rents, which was offered and received in evidence without objection, in connection with the evidence of the clerk in charge, corroborated this. As the notice to vacate was served on August 21, 1925, requiring defendants to deliver up possession on or before Septem-

ber 26, 1925, it would be sufficient, whether the term ended on the 21st or 26th or any intermediate date.

(2) The plaintiff proved by admissions of James DeWindt, one of the defendants, that the rental was $45 per month, but that they paid only $30 a month in cash, because they had made certain repairs to the property and the landlord had allowed a credit of $15 a month on account of such repairs until defendants were reimbursed for their outlay, which period expired in October, 1923. This was enough. Sometime after this period had ended the succeeding landlord demanded $40 per month. Defendants are not in a position to object because the landlord reduced the rental.

(3) Plaintiff offered in evidence the notice to quit annexed as an exhibit to the statement of claim and asked that it be noted on the record that service of the notice on the defendants as averred in paragraph 7 of the plaintiff's statement had not been denied in the affidavit of defense; which was done without objection on the part of defendants. We think this was a substantial compliance with the rule enunciated in Buehler v. U. S. Fashion Plate Co., 269 Pa. 429. See Jameson v. Jameson, 80 Pa. Superior Ct. 254. Strictly speaking the appeal being tried was not from an action in assumpsit, and hence the Practice Act of 1915, P. L. 483, as amended by the Act of April 14, 1921, P. L. 144, did not apply; but counsel on both sides, on the trial, apparently overlooked this and proceeded as if governed by its provisions. Though the appeal should have been tried in the same manner as an action of ejectment (Act of December 14, 1863, P. L. (1864) 1125), in which the defendant does not file an affidavit of defense, but "an answer in the nature of a special plea" (Act of June 7, 1915, P. L. 887; Brankin v. Phila. etc. R. Co., 286 Pa. 331, 333), the defendants in this case filed an "affidavit of defense" and proceeded as

if the Act of 1915 applied.  No objections were taken to the procedure adopted.  Had there been, no doubt the requisite formal proof could have been supplied. When a case has been fully tried on the merits in the court below we will not reverse the judgment because of a procedural error participated in by all the parties, who proceeded on the theory that the action was triable under the provisions of the Practice Act aforesaid; especially where, as here, the equities are all with the successful party.  See Hewitt v. Democratic Pub. Co., 271 Pa. 546, 549.

The assignments of error are overruled and the judgment is affirmed.