## Gallagher, Appellant, v. Wood.

355

Argued November 19, 1930.

Before
Trexler, P. J., Keller, Linn, Gawthrop, Cunning-
ham, Baldrige and Whitmore, JJ.

*William Taylor,* and with him *William P. Landis,*
for appellant.—A surrender of demised premises by
the tenant during a term in order to be effectual so
as to release the lessee from liability to pay rent,
must be accepted by the lessor, and the burden of
proof is upon the lessee to prove such acceptance:
Auer v. Penn, 99 Pa. 370; Jawer v. Borner, 273 Pa. 6.

*Wm. J. MacCarter, Jr.,* and with him *Guy G. De-*
*Furia* and *Walter E. Schembs,* for appellee.—A writ-
ten lease can be modified or abandoned by parol agree-
ment: Reber v. Brownback, 27 Pa. Superior Ct. 471;
Whelen v. Laird, 56 Pa. Superior Ct. 489.

Opinion by Keller, J., January 30, 1931:
This was an action of assumpsit for rent alleged
to be due under a written lease.

It was admitted that on May 20, 1926, a written lease was entered into by which the plaintiff leased to the defendant certain premises in Ardmore, Pa., for the term of one year beginning July 1, 1926, at the yearly rental of $1,572, payable in monthly instalments of $131 on the first day of each month in advance; that the defendant entered into possession and remained until February 29, 1928, and that he paid no rent after the month of February, 1928.

The lease contained the following provision: "Either party may determine this lease at the expiration of the term hereby created, by giving to the other sixty days' written notice of intention so to do, but in default of such notice, this lease, with all the conditions and covenants thereof, shall continue for the additional term of one year......and so on from year to year ......until terminated by either party giving to the other sixty days' written notice of intent to terminate said lease at the expiration of the then current term."

The defendant did not give notice of his intention to determine the lease sixty days prior to July 1, 1927, but on the contrary continued in possession after July 1, 1927, and thereby, under the terms of the lease renewed it for another year beginning July 1, 1927. This cannot be disputed.

The defendant claims, however, that subsequent to July 1, 1927, the term was modified so as to permit him to surrender possession before June 30, 1928. See Adams v. Dunn, 64 Pa. Superior Ct. 303; Nathan v. Sinclair, 65 Pa. Superior Ct. 237. The learned court below was entirely right in holding that the defendant could show this by parol, if able to do so: Himeless v. Rose, 84 Pa. Superior Ct. 363; Holloway v. Frick, 149 Pa. 178; Whelen v. Laird, 56 Pa. Superior Ct. 489; and had the defendant's proof on the trial measured up to the allegations in his affidavit of defense,

we would affirm the judgment. But it fell far short of them.

The evidence of the defendant and his witnesses, giving it every intendment in his favor, as we are obliged to do, amounted only to an oral agreement on the part of the plaintiff, made during the second or third week in July, 1927, to accept a surrender of the premises on October 1, 1927. It did not change or affect the lease in any other particular; and the court properly so ruled in the course of the trial. The defendant did not testify that the lease had been abrogated or surrendered in July, 1927; on the contrary his letters subsequent thereto recognized that it continued in force and effect. Had the defendant moved out on September 30, 1927, the evidence for the defense would have supported a verdict in the defendant's favor as to any claim for the rent for the balance of the year. But the defendant did not move out on September 30, 1927, or surrender the premises on October 1, 1927. Instead he wrote the plaintiff on August 29, 1927, ''I find that I cannot move on October 1st as I previously wrote you therefore I shall stay till you are further notified and possibly till the expiration of the lease.'' The defendant could not change the tenancy from a definite term of another year, or from year to year, as provided above in the lease, to one at will by his mere say-so, without the consent of his landlord. The testimony of the defendant as to plaintiff's oral agreement to modify the term of the lease did not reduce the tenancy to one from month to month or at will. It justified his giving up the lease on October 1, 1927, but if he did not do so, and stayed on after that date, the lease remained in full force and effect, as if the abortive modification had not been agreed to. Not one word testified to by the defendant, his wife, or Mr. Bates can fairly be construed as changing the tenancy from one from year

to year, as it had become by the express terms of the lease, to one from month to month or at will; or more than an agreement by the plaintiff that he would not hold the defendant to the lease if he gave up possession by October 1, 1927.

It follows, therefore, that when the defendant did not surrender the premises on October 1, 1927, he became bound to remain, or at least pay rent, up to and including June 30, 1928, in the absence of any evidence of a further agreement of modification on the part of the plaintiff. He produced no evidence of any such agreement by the plaintiff after the first one in July. He did not even show that he had ever given any notice of his intention to vacate, following his letter of August 28, 1927. The plaintiff denied that any notice had been given him and the defendant did not rebut it. His undated letter stating that he had vacated the premises and giving as a reason that the plaintiff had seen fit to display a "for rent" sign on the property, was insufficient. The defendant admitted that the "for rent" sign had been placed on the premises immediately following the plaintiff's oral agreement in July, and as by the express terms of the lease such a sign could be placed on the premises by the landlord after the notice of termination provided for in the lease had been given, a like right would follow where at the request of the tenant the landlord had consented to a modification of the term. It was clearly only a makeshift for an excuse. The plaintiff did not lose or jeopardize his rights under the lease, or estop himself from claiming that it was in full force and effect when the defendant continued in possession after October 1, 1927, merely because following the parol agreement in July, 1927, aforesaid, he had directed a real estate agent to try to rent or sublet the property from October 1, 1927.

The admissions and documentary evidence made out

a case in favor of the plaintiff for four months rent, beginning March 1, 1928, at $131 a month, and the evidence of the defendant failed to show a substantial defense to the claim.

The assignments of error are sustained. The judgment is reversed and the record is remitted to the court below with directions to enter judgment in favor of the plaintiff, non obstante veredicto, for $524 with interest from July 1, 1928.