## Finif, Appellant, *v.* Gearing.

Argued April 28, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*J. R. Sheppard*, for appellant.—The facts to establish the rescission of the lease are for the jury: Kiester v. Miller, 25 Pa. 481; Wilcox v. Montour Iron and Steel Co., 147 Pa. 540.

*Eugene B. Strassburger*, and with him *E. J. McKenna* of *Strassburger & McKenna*, for appellee.—Where a tenant remains in possession after the expiration of his term without having made any new arrangement with his landlord he is bound according to the obligations of the preceding lease: Fidelity Trust Co. v. Lee, 38 Pa. Superior Ct. 33; McBrier v. Marshall, 126 Pa. 390; Patterson v. Park, 166 Pa. 25.

Per Curiam, October 10, 1932:

This is an appeal by plaintiff from a judgment in favor of defendant in an action of replevin sued out by plaintiff where the landlord-defendant had caused levy to be made upon certain household goods of plaintiff.

Edward Finif, the plaintiff, was the tenant of George

L. Gearing, one of the defendants, of a dwelling at 3018 Hazelhurst Avenue, Baldwin Township, Allegheny County, Pennsylvania, under a written lease for one year beginning May 1, 1926, and ending on the first day of May, 1927, with a clause in the lease providing "If the tenant lawfully occupies the premises after the end of the term, this lease shall be in force for another term and so on from term to term as long as the relation of landlord and tenant continues."

The tenant, Edward Finif, after the expiration of the first term or year, occupied the premises during May, June, July and August of 1927. About the last day of August, with the rent fully paid up to first of September, 1927, said tenant began to remove his household goods from said premises when a landlord's distress warrant was served distraining the goods in possession of the landlord on the premises for the rent alleged to be due for the remaining months of 1927.

The lease further provided that tenant should "maintain and keep the premises during the term in good repair, including water pipes, their connections and all plumbing fixtures," and if the tenant "shall remove or attempt to remove or express or declare an intention to remove any of the goods and chattels from the premises—then and in such case, the entire rent for the balance of the said term shall, at the option of the lessor at once become due and payable as if by the terms of this lease it were all payable in advance."

Plaintiff occupied the premises after the end of the term, and on July 15, 1927, notified the defendant in writing that "he elected to cancel lease......on account of leaky conditions of house," and enclosed therewith check for rent to August 1, 1927.

The case was tried on the statement of plaintiff, affidavit of defendant and amended reply of plaintiff.

Quoting from the opinion of the court, DITHRICH, J.:

"In his reply to defendant's affidavit of defense,

plaintiff averred that he notified the landlord defendant before the expiration of the original term, that he would not remain in the premises after the expiration of the term unless certain repairs were made, whereupon defendant agreed to make such repairs if the plaintiff would remain in the property for the ensuing year. At the trial he amended his reply by adding that he had notified the landlord defendant verbally before the expiration of the term, that he would not remain in the premises under the terms of the existing lease, and that said landlord defendant agreed to and accepted said notice of cancellation.''

On the trial, appellant offered the testimony of himself and his wife to the effect that in a conversation with the landlord sometime between March and May, 1927, he told the landlord that on account of the landlord's failure to make certain repairs, he would not remain after the end of the term then expiring, and that thereupon the landlord promised him to make the repairs and told him that they would talk about the lease after the repairs had been made. The repairs consisted of finding the cause of a stain on the dining room ceiling caused by a leak somewhere in the house.

Defendant, appellee, denied that he had ever accepted cancellation of the lease.

Upon the conclusion of the testimony, the court gave binding instructions for the defendant.

Motion ex parte plaintiff for a new trial was made and refused. The refusal of this motion and the direction of verdict in favor of defendant are assigned as errors.

The terms of the written lease are clear and unambiguous, and provide for a continuance of the tenancy by holding over. Unless the lease was cancelled, it was continued for another year in all its terms when appellant held over. Appellant, if believed, would merely establish an extension of the written lease pending

negotiations for a new lease, and as a new lease had neither been demanded nor tendered, he was still in possession under the written lease at the time the landlord levied on his goods.

If appellant was in possession after May 1, 1927, under an extension, the extension would have ended when he gave notice of cancellation on July 15, 1927. He continued in possession and paid rent for six weeks after that time. He was, therefore, in possession under the original lease by reason of holding over after the ending of the extension. Gallagher v. Wood, 101 Pa. Superior Ct. 354.

An analogous case is found in Fidelity Trust Co. v. Lee, 38 Pa. Superior Ct. 330, wherein it was held that where a tenant gives notice of intention to vacate, three months before the end of the term, as provided by the lease, but at the end of the term, remains in possession under an extension, and at the end of the extension does not vacate, but refuses to sign a new lease on the ground that certain repairs which had been promised him had not been made, he holds over another year, and is bound according to the terms of the preceding lease.

In the above case, our late Brother HENDERSON, J., says, on page 333:

"There was no new lease nor promise of one; there was no inducement to the tenant to hold over in expectation of a new lease. This is the plain case of a tenant remaining in possession after the end of the term and refusing to pay rent because of an alleged unperformed agreement to make repairs in connection with the contract for the first year. The facts bring the case clearly within the decisions in McBrier v. Marshall, 126 Pa. 390; Harvey v. Gunzberg, 148 Pa. 294; Patterson v. Park, 166 Pa. 25; Cairns v. Llewellyn, 2 Pa. Superior Ct. 599; Bakewell v. Turner, 36 Pa. Superior Ct. 283, which hold that where a tenant remains in possession

after the expiration of his term without having made any new arrangement with his landlord he is bound according to the obligations of the preceding lease."

Where a case turns on whether there has been a surrender by a lessee of his term and an acceptance thereof by the lessor, the proof requisite to establish such surrender must establish a clear and explicit agreement, Rothbock v. McCargo, 6 Pa. Superior Ct. 134.

After careful reading of the testimony, we are of the opinion that there was not sufficient evidence to warrant the submission of the case to the jury. The judgment however must be modified. It cannot exceed the value of the goods $300.

The assignments of error are overruled, and judgment as modified is affirmed.