Routman *v.* Bohm et ux., Appellants.

Argued November 16, 1960.

*Philip E. Brockway,* with him *Brockway and Brockway,* for appellants.

*Nathan Routman,* with him *Routman, Moore & Goldstone,* for appellees.

OPINION BY WOODSIDE, J., March 22, 1961:

This is an appeal from the entry of judgment on the pleadings in favor of the plaintiffs and against the defendants for $900 in an assumpsit action to recover rent.

Samuel, Jennie and Louis Routman, plaintiffs herein, leased a storeroom in Sharon to Samuel and Sarah Bohm, defendants herein, for a term of three years commencing April 1, 1956, for a total rental of $16,200, payable in equal monthly installments of $450 on the first day of each month during the term.

The lease was in writing and contained the following provision: "The lessees hereby waive the usual three months notice to quit and agree to surrender said premises at the expiration of said term, or the termination of this lease without any notice whatsoever." There was no provision in the lease relating to renewal or holding over by the tenant.

The Bohms went into possession and occupied the premises during the term of the lease and paid the required rental. After the expiration of the term on March 31, 1959, they continued to occupy the premises during the months of March through December 1959, inclusive. They paid the monthly installments of rent in the amount provided in the written lease. These payments were accepted by the landlords. On November 28, 1959, the tenants notified the landlords that they intended to vacate the premises on the last of December, which they did.

When the Bohms failed to pay rent on January 1 and February 1, 1960, the Routmans brought this ac-

tion to recover the monthly installments of rent which they alleged were due on these dates.

The defendants contend that their holding over and the plaintiffs' acceptance of the monthly installments of rent created a tenancy from month to month, and having notified their landlords in November of their intention to vacate the premises at the end of December, there is no legal claim against them for rent after December 31, 1959.

The court below concluded that a tenant remaining in possession after the expiration of his term without having made any new arrangement with his landlord, is bound according to the obligations of the preceding lease, which will be considered renewed for a like term. The court, therefore, entered judgment for the plaintiffs.

The rule of law applicable to this situation is accurately stated in 21 P.L.E., Landlord & Tenant, §72, as follows: "When a tenant for a term of years holds over after the expiration of a lease for a definite term the landlord may treat him as a trespasser or as a tenant at will, but when he remains in occupancy with the consent of the landlord, paying the same rent as that paid under the lease, he becomes a tenant from year to year, subject however to all the covenants and stipulations contained in the original lease, so far as they are compatible with a yearly holding."

Messrs. Levin in Sum. Pa. Jur., Landlord & Tenant, §33, state the law as follows: ". . . where following the expiration of a tenancy for a term of one or more years, the tenant with the consent of landlord holds over, prima facie, in the absence of evidence showing a contrary intent, the normal inference from the conduct of the parties is that they thus exhibited an intent to convert the tenancy into one from year to year." See also 51 C.J.S., Landlord & Tenant, §76; 32 Am. Jur., Landlord & Tenant, §940.

The rule set forth above is supported by the following cases: *Harvey v. Gunzberg,* 148 Pa. 294, 23 A. 1005 (1892) ; *Phoenixville Boro. v. Walters,* 147 Pa. 501, 23 A. 776 (1892) ; *Murtland v. English,* 214 Pa. 325, 330, 63 A. 882 (1906) ; *Laguerenne v. Dougherty,* 35 Pa. 45 (1860) ; *Williams v. Ladew,* 171 Pa. 369, 33 A. 329 (1895) ; *Hemphill v. Flynn,* 2 Pa. 144, 146 (1845).

The tenant could not, by his own acts, make himself a tenant of the landlord after the expiration of the written lease and then, at his own will, terminate the relationship of landlord and tenant between himself and the lessors. *Bakewell v. Turner,* 36 Pa. Superior Ct. 283, 286 (1908). Although the issue here is limited to rent for two months, the court below, relying upon *Finif v. Gearing,* 106 Pa. Superior Ct. 419, 162 A. 325 (1932), and *Adams v. Dunn,* 64 Pa. Superior Ct. 303 (1916), indicated that it considered the lease to have been renewed for a term of three years.

The *Finif* and *Adams* cases are not authority for the contention of the plaintiffs that their lease was renewed for three years. Those cases both involved leases in which the original term was *one year,* so the application of the above stated rule constituted a renewal of the lease for one year, which was the "same term" provided in the original leases and referred to by the court.

In *Harvey v. Gunzberg,* 148 Pa. 294, 23 A. 1005 (1892), supra, the lease was for a term of two years with an option, which was exercised, to renew for three years. After the expiration of the five year term, the tenant continued in possession for five months, and paid the rent. The landlord sued, and recovered rent for the next seven months. The court held that where a tenant holds over after the expiration of his term, and no definite arrangement has been made between the landlord and tenant, tenancy for another year is created.

In *Williams v. Ladew,* 171 Pa. 369, 33 A. 329 (1895), supra, the lease was for a definite term of fifteen years at a gross rental for the entire time. There the Court said of the tenants (page 376) : "When they held over after its expiration they were strictly tenants at sufferance, though the lessors had the option to treat them either as trespassers, or tenants from year to year, Hemphill v. Flynn, 2 Pa. 144, or by permitting the holding over to run on for a sufficient length of time, might turn the tenancy into one at will which would require notice to terminate: Bedford v. McElherron, 2 S. & R. 49."

The term of the lease involved in *Murtland v. English,* 214 Pa. 325, 63 A. 882 (1906), supra, was five years, and the Court there said of the tenant (page 330) : "When he held over after the expiration of the term, without making any new arrangements, the tenancy became one for another year upon the same conditions as before."

The term of the lease involved in the *Phoenixville Boro. v. Walters,* 147 Pa. 501, 23 A. 776 (1892), supra, was ten years. The Court there concluded that the holding over by the defendants constituted a lease from year to year which entitled the tenant to continue possession to the end of the current year in question.

The appellants relied primarily upon *McCanna v. Johnston,* 19 Pa. 434 (1852) and *Sweeney v. McDonnell,* 25 Pa. Superior Ct. 69 (1904). These were actions brought by the landlords to eject tenants who had held over after the expiration of leases in which they had covenanted to surrender possession at the end of the term. The tenants contended that their holding over renewed the lease. There is no question that under such circumstances the landlord may treat the tenant as a trespasser and eject him, and that the mere holding over by the tenant does not automatically renew

the lease and deny the landlord the right to repossess his improperly held premises.

In this case tenants for a term of years held over after the expiration of a lease for a definite term and remained in occupancy to which the landlords have consented by the acceptance of the same rent as that paid under the lease. The tenants, therefore, became tenants from year to year, subject to all the covenants and stipulations contained in the original lease so far as they are compatible with the yearly holding. Therefore, the defendants are liable to the plaintiffs for the rent involved in this action.

The defendants alleged in their answer that they had notified the plaintiffs in June (the third month after the expiration of the written lease) that they considered themselves tenants from month to month, and that the plaintiffs did not thereupon "disavow" such tenancy. The Court below properly held that even if true, this would not change the tenancy (which was from year to year) into a tenancy from month to month.

Judgment affirmed.